## L. & A. Scharff v. W. H. Noble.

1. Joint and Several Liability. *Partners. Action against one or more. Code* 1880, § 1134.

   Said section provides as follows : " In any action founded on any joint, or joint and several bond, covenant, bill of exchange, promissory note, or other contract, or on any contract or liability of copartners, it shall be lawful to sue any one or more of the parties liable on such bond, covenant, bill of exchange, promissory note, or other contract or liability."

2. Same. *Judgment against one partner. Merger.*

   Under this statute a judgment against one or more joint, or joint and several debtors, does not preclude a resort to others against whom no judgment has been rendered.

3. Same. *Partnership. Joint liability. Separate actions. Law of another state.*

   If, under the law of the state where the partnership debt was created, the liability of the partner is only for one-half of the debt, a separate action against him in this state will not be defeated on the ground that judgment had been recovered in this state against his copartner for the entire debt. Nothing but payment discharges the obligation.

From the circuit court of Bolivar county.

Hon. J. H. Wynn, Judge.

The appellants brought this suit against the appellee to recover the amount due upon an acceptance of Trager & Noble, a firm of which appellee was a partner. The defendant filed a special plea alleging that when the acceptance was given the said firm was a partnership doing a planting business in the state of Louisiana, and was what is termed in that state an " ordinary partnership," and under the laws of Louisiana the said debt was a joint debt, and not joint and several ; that before the institution of this suit plaintiffs brought suit on said acceptance in the circuit court of Wilkinson county, Mississippi, against both Trager and appellee, but voluntarily dismissed as to appellee, and recovered judgment for the full amount of said acceptance against Trager ; and that this operated as a discharge of appellee.

Plaintiffs demurred to this plea; (1) because the legal effect of the plea was to admit liability for one-half of the indebtedness, and

defendant failed to tender the amount confessed to be due ; (2) because it was not alleged that the debt had been paid; because (3) the dismissal of that suit as to appellee, and recovery of judgment against Trager, did not affect the right to bring this suit.

The demurrer was overruled, and plaintiffs declining to reply, judgment final was entered in favor of defendant, and plaintiffs appealed.

*Clark & Sillers,* for appellants.

It makes no difference whether the contract sued on in this case was a joint or joint and several obligation so far as the remedy for its enforcement in this state is concerned. The *lex fori* governs as to the remedy in all cases, and, therefore, the fact that under the laws of Louisiana it would have been necessary to prosecute this suit to a judgment against both of the parties to the contract does not compel us to proceed in that manner here. Code 1880, § 1134.

Appellants had a perfect right to dismiss their action against appellee in the circuit court of Wilkinson county, and their action in so dismissing the suit in that county did not debar them from again instituting the suit against Noble. A dismissal of a suit is no bar to any future action for the same debt, except in those cases where a judgment against one is a satisfaction of the debt against all of the parties to the contract. See 1 Pet. 74 ; 1 Saunders R. 207 (n. 2) ; 2 How. (Miss.) 870, and cases there cited.

Appellants do not pretend that the debt was satisfied by the judgment against Trager, or that anything has ever in fact been paid on the debt, but they simply insist that because the debt sued on was a joint obligation under the laws of Louisiana, appellee was freed from any further liability on it by the dismissal of the suit against appellee in the circuit court of Wilkinson county.

*Frank Johnston,* on the same side.

*Nugent & McWillie* and *Chas. Scott,* for appellee.

The appellee and Trager were not members of a commercial partnership, but of what is known under the laws of Louisiana as an " ordinary partnership," and were not bound jointly and severally, but each for his own share of the debt according to the number of

partners. Rev. Civil Code La. (Voorhees, 1875), arts. 2272, 2824; *Jones* v. *Chaperton*, 15 La. An. 475; *Lallande* v. *McRae*, 16 Ib. 193; *Schorten* v. *Davis*, 21 Ib. 173.

We do not contend that the mere dismissal of the suit in Wilkinson county operated to discharge appellee finally, but that such dismissal, in connection with the reduction of the whole demand to judgment against his co-obligor, had that effect.

While the *lex fori* controls as to the remedy, it does not as to the construction and validity of the contract, and while Trager and Noble could be sued separately, neither of them was ever liable for the whole debt. But both debtors were sued together as if bound *in solido*, and a judgment for the whole debt was taken against one and a voluntary dismissal as to the other. The creditor treated the debt as indivisible, and now has an unreversed judgment for the whole amount of the joint debt against one of the partners. The debt was merged in the judgment. A judgment against one of several joint debtors must operate to release those not sued. It is the act of the creditor, touching a demand of a peculiar nature, that brings him fairly within the following decisions, notwithstanding our statute as to the remedy: *Smith & Osborn* v. *Kibbe*, 31 Hun, 390; *Candee* v. *Smith*, 93 N. Y. 352; *Sheeman* v. *Strauss*, 52 Ib. 407; *Wann* v. *McNulty*, 2 Gilm. 355; *Moore* v. *Rogers*, 19 Ills. 348; *Smith* v. *Black*, 11 Am. Dec. 686; *Moule* v. *Hallens*, 33 Ib. 684.

Argued orally by *T. A. McWillie*, for appellee.

COOPER, J., delivered the opinion of the court.

Conceding to the laws of Louisiana full scope in the control of the contract entered into by the partnership of which appellee was a member, the real point in controversy remains to be settled by the laws of this state. Whatever effect the instrument executed by the firm had to bind the appellee remains still operative against him, without reference to the suit in Wilkinson county in which a dismissal was entered as to him, and judgment for the whole sum taken against Trager, his partner. By our statute, code, § 1134, a

judgment against one or more, joint or several, or joint and several obligors, does not preclude a resort to others against whom no judgment has been rendered. Nothing but payment discharges the obligation. It may be that appellants have recovered judgment against Trager for a greater sum than they were entitled to have from him, but of this appellee, who has not paid what they are entitled to have from him, can not complain. If Trager has paid the whole debt, that would be a good defense, but the judgment is neither satisfaction nor a merger of the claim against appellee.

*The judgment is reversed, the demurrer to the plea sustained, and cause remanded.*