JACKSON BANK *v.* LULA B. WILLIAMS.

1. LIFE INSURANCE. *Ownership of policy. Common law.*

    A life insurance policy designating a beneficiary is the property of the beneficiary the moment of its issuance, whether then delivered to him or not.

2. SAME. *Statute. Code* 1892, § 1964.

    Under code 1892, § 1964, providing that the proceeds of life insurance policies shall inure to the beneficiaries therein, such policies are the absolute property of the beneficiaries.

3. SAME. *Power to transfer. Deed. Will.*

    The procurer of a life insurance policy designating another as beneficiary has no power, without the beneficiary's consent, to transfer any interest in it to a third party by deed or will.

FROM the circuit court, first district, of Hinds county.

HON. ROBERT POWELL, Judge.

Lula B. Williams, the appellee, was the plaintiff in the court below; the Jackson Bank, the appellant, was defendant there. The suit was an action of replevin for a life insurance policy. The policy was upon the life of plaintiff's husband; it designated the plaintiff, as beneficiary, to receive the money to become due upon it; it was procured by the husband, who paid the premiums, and who retained its possession until he hypothe-

cated it to the bank. The wife saw the policy soon after its date, and knew of its issuance, but never had its custody. The husband deposited it, without the wife's knowledge or consent, with the bank, as collateral security for a debt due by him to the bank. After the death of the husband the wife demanded the policy, and upon refusal of the bank to surrender it began replevin for its possession. By the terms of the policy, if the wife died before the husband, it was then to be payable to the husband's legal representatives.

The case was tried in the court below before the judge, the parties waiving a jury. The judgment there was for the plaintiff, and the defendant, the bank, appealed to the supreme court.

*Calhoon & Green,* for appellants.

The position of plaintiff, when the policy was executed, was that of a proposed voluntary donee of the husband. He intended, when he had the policy drafted, to give it to the wife, and, therefore, he had the policy recite a promise by the company to pay to her, if living, the money. In effect, just as if he had drawn his own promissory note payable to her for that amount. Such an instrument, or promissory note, in order to have effect, must be delivered. Delivery is essential to the validity of the contract.

The interest of the wife claimed is by gift—a mere voluntary donation, without any valuable consideration whatever, but presumably for love and affection.

A gift of personal chattels, made by deed, in consideration of love and affection, is voluntary, and confers no title upon the grantee unless there is delivery of the chattels. *McWillie* v. *Van Vacter,* 35 Miss., 447.

In *Wheatly* v. *Abbott,* 32 Miss., 345, it is said: "There can be no valid parol gift of a chattel, unless there be an actual delivery of possession to the donee, or an absolute parting of all dominion or ownership over it by the donor for the use and benefit of the donee, and without this a mere intention to make

the gift, however strongly manifested, will not divest the donor's title." 2 Kent's Commentaries, 438; *Carradine* v. *Collins,* 7 Smed. & M., 428; *Anderson* v. *Baker,* 1 Kelly (Ga.), 595; *Carradine* v. *Carradine,* 58 Miss., 292; *Thompson* v. *Thompson,* 2 How. (Miss.), 745; *Young* v. *Power,* 41 Miss., 197; 1 Daniel Neg. Insts., sec. 63. Contracts of insurance "are to be regulated and determined by the same rules that govern ordinary agreements." *Co-operative Association* v. *LeFlore,* 53 Miss., 15; *Goodrich* v. *Neal,* 3 Col., 410; *Bishop* v. *Curphey,* 60 Miss., 22; *Jones* v. *Patly,* 73 Miss., 185; *Cables* v. *Prescott,* 67 Me., 582; *Simmons* v. *Biggs,* 99 N. C., 236; *Coningland* v. *Smith,* 79 N. C., 303; 2 Warner's Law of Admin., 647; *In re Dernion,* 42 How. (N. Y.), 326.

Whether issued under § 1261, code of 1880, or § 1964, code of 1892, the effect would be the same. It was contended below that this statute vested title in the wife. This is unsound, because this statute does not purport to dispense with the legal requirements to constitute a contract, nor with the rights of a purchaser of the policy from the assured, but only to define an exemption from seizure or sale by creditors. *Clark* v. *Durand,* 12 Wis., 223; *Foster* v. *Giles,* 50 Wis., 605; *Kernan* v. *Howard,* 23 Wis., 108; *Gambs* v. *Covenant Mutual, etc., Co.,* 50 Mo., 44; *Union Mutual Ins. Co.* v. *Stephens,* 19 Fed., 675; *Sanderson* v. *Knowles,* 22 N. J. Eq., 594; *Simmons* v. *Ingram,* 60 Miss., 899; *Coningland* v. *Smith,* 79 N. C., 303; *Goodrich* v. *Neal,* 3 Colo., 410; *Phelps* v. *Harris,* 51 Miss., 792; *Stokes* v. *Payne,* 58 Miss., 614; *Banking Company* v. *Humphries,* 64 Miss., 258; 1 May on Ins., sec. 391; Joyce on Ins., sec. 2343; *Ricker* v. *Charter Oak Ins. Co.,* 38 Am. Rep., 289.

*Williamson, Wells & Croom,* for appellee.

The general rule, as announced by the text-book writers, supported by the great weight of judicial decisions, is: "That a policy, and the money to become due under it, belongs, the

moment it is issued, to the person named in it as beneficiary, and that there is no power in the person procuring the insurance, by any act of his, by deed or by will, to transfer to any other person the interest of the person named. An irrevocable trust is created." Bliss on Life Ins., p. 517, sec. 337; Cooke on Life Ins., p. 123, sec. 74.

In the case of *Bank* v. *Hume,* 128 U. S., 206, the supreme court of the United States, referring to the general rule, supra, says: "This must be so, where the contract is directly with the beneficiary, in respect to policies running to the person insured, but payable to another having a direct pecuniary interest in the life of the insured, and where the proceeds are made to inure by positive statutory provisions." 24 Fed. Rep., 770; 26 La. Ann., 326; 77 Va., 163; 11 Bush, 567.

The case here falls within two of the classes of cases mentioned by the supreme court of the United States in the Hume case. The policy here (*a*) is one running to the person insured, but payable to his wife, who has a direct pecuniary interest in the life of the insured: and (*b*) by § 1964 of the annotated code, the proceeds of the policy are made to inure to the beneficiary named in the policy, by positive statutory provision. Our code settles the case, but aside therefrom, if by the act of procuring the policy of insurance, payable at his death to his wife, the insured perfectly created an irrevocable trust, then by the settled doctrine in equity it becomes wholly immaterial whether the insured had ever delivered the policy to his wife or not. *Fortescue* v. *Barnett,* 3 Myl. & K., 36; *Otis* v. *Beckwith,* 49 Ill., 121; *Welborn* v. *Welborn,* 83 Ind., 207; *Harley* v. *Hurt,* 86 Ind., 196; *Gault* v. *Trumbo,* 17 B. Mon. (Ky.), 682; *Chapin* v. *Fellows,* 36 Conn., 132; *Ricker* v. *Charter, etc., Co.,* 38 Am. Rep., 293, note; Bliss on Life Ins., secs. 317 and 350; Cooke on Life Ins., note, 125; *Ib.,* 123; *Richer* v. *Ins. Co.,* 27 Minn., 193; *Pence* v. *Makepeace,* 65 Ind., 345.

Terral, J., delivered the opinion of the court.

The policy of life insurance issued by the Equitable Life Association of the United States upon the life of Charles D. Williams, payable to his wife, Lula B. Williams, became, upon its delivery to the insured, a vested interest in the wife, and such interest was thereafter irrevocable by the assured except with the consent of the beneficiary. The express terms of the contract as written in the policy make the proceeds of it payable to the wife, and this gives her in law the absolute title to the policy, and she alone could sue upon it in a court of law; and there could be no remedy upon it in equity for any supposed interest of the insured or of his assignee, for no such interest could be acquired except with the consent of the beneficiary.

If by the common law no vested interest in contracts like the present passed to the beneficiary until the policy came to his possession, still § 1964, code 1892 [§ 1261, code 1880], providing that the proceeds of a life insurance policy shall inure to the party therein named as beneficiary, would, in contracts like this, vest an absolute and indefeasible interest in the wife from the time of the issuance of the policy.

Bliss on Life Insurance, says: "If the policy, when issued, expressly designates a person as entitled to receive the insurance money, such designation is conclusive, unless some question arises as to the rights of creditors of the person who paid the premiums and procured the insurance. The receipt of the designated person will discharge the company, and he will be entitled to maintain an action. It is the general rule that a policy, and the money to become due under it, belong, the moment it is issued, to the person or persons named as beneficiary or beneficiaries, and there is no power in the person procuring the insurance, by any act of his, by deed or will, to transfer to any other person the interest of the person named. The person designated in the policy is the proper person to receipt for and to sue for the money." Bliss on Life Ins., secs. 316, 317 (1st ed.). And in § 339 the author further says:

"Where the policy designates a person to whom the insurance money is to be paid, the person who procures the insurance, and who continues to pay the premiums, has no authority, by will or deed, to change the designation or title to the money. He is under no obligation to continue to pay the premiums, unless he has covenanted so to do, but if he does so, the person originally designated in the policy will derive the benefit. The change of designation can only be made by the person originally designated, and therefore all of such persons must concur in the change."

The same principles are maintained in other authorities. Cooke on Life Ins., sec. 74, note; 2 Joyce on Ins., sec. 730; *Central Bank* v. *Hume,* 128 U. S., 206; *Harley* v. *Heist,* 86 Ind., 196, s.c. 11 Am. Rep., 285; *Hooker* v. *Sugg,* 102 N. C., 115, s.c. 11 Am. St. Rep., 717; *Griffith* v. *Ins. Co.,* 101 Cal., 627, s.c. 40 Am. St. Rep., 96; *In re Dobbel,* 104 Cal., 432, s.c. 43 Am. St. Rep., 123; *Garner* v. *Germania Life Ins. Co.,* 110 N. Y., 266.

Other cases cited by the learned counsel of appellant contravene the principles herein announced, but we think the authorities followed by us contain the better and sounder view of the subject.

*The judgment of the circuit court is affirmed.*