## MARY GREGO *v.* VINCENT GREGO.

1. CHANCERY PRACTICE. *Bill for divorce. Additional relief. Demurrer.*

    Where a bill for divorce shows good cause therefor, but, in addition, seeks other relief to which, on the face of the bill, complainant is not entitled, a demurrer to the whole bill should be overruled.

2. SAME. *Oral testimony. Recitals of decree. Supreme court.*

    Where a final decree recites that the cause was heard on oral testimony by agreement, and there is no bill of exceptions, the recital is conclusive, and the decree, on appeal in the supreme court, will be presumed to have been warranted by evidence. *Cox* v. *Kyle*, 75 Miss., 667, distinguished.

3. SAME. *Divorce. Code* 1892, § 1571; *Ib.*, § 1764.

    Oral testimony, under code 1892, § 1571, so providing, is admissible in divorce cases, without notice or agreement under code 1892, § 1764, providing for such testimony in other cases.

4. LIFE INSURANCE. *Policy payable to guilty wife. Divorce.*

    Where a wife is the beneficiary in an ordinary life insurance policy on the life of her husband, the absolute ownership thereof is in her, and the courts will not divest her of her property therein because she has been guilty of conduct which entitles the husband to a divorce, although the husband paid the premiums.

5. SUPREME COURT PRACTICE.

    Where the supreme court reversed that part of a decree in a divorce case which erroneously adjudged the guilty wife to have forfeited her interest in a life insurance policy on the life of the husband, it will not remand the cause for an amendment of the pleadings so that a reformation of the policy may be sought, but will, on timely request, frame its judgment so as not to prejudice any right the husband may have to bring an original suit for such relief.

FROM the chancery court of Washington county.

HON. A. MC. KIMBROUGH, Chancellor.

Vincent Grego, the appellee, was the complainant and Mary Grego, the appellant, was defendant in the court below. By his bill of complaint Vincent sought a divorce from his wife, Mary, charging her with desertion and cruel and inhuman treatment. The bill further averred that, some years before, the complainant had insured his life in the Mutual Life Insurance Company of New York, for $1,000, taking the policy in favor of defendant, whom he caused to be made the beneficiary therein; that the insurance company would not change the beneficiary in the policy without Mary's consent, and it was claimed that it would be unjust for Mary to retain ownership of the policy, on which complainant had paid 'the premiums, after forfeiting her right to remain his wife. The bill sought not only a divorce, but, in addition, prayed for a decree divesting Mary of all interest in the insurance policy. Mary demurred to the entire bill and her demurrer was overruled. She then answered, denying every allegation of the bill upon which the divorce was sought, and she also traversed the right of Vincent to have her interest in the insurance policy canceled.

The case was heard in the court below on the evidence, and a final decree was rendered, which recited the introduction of oral testimony on the final hearing, granting Vincent a divorce and adjuding Mary no longer interested in the life insurance policy. Mary appealed to the supreme court.

*Hebron & Kinnison* and *Shields & Boddie*, for appellant.

*J. H. Wynn*, for appellee.

The briefs of counsel on both sides in this case have been misplaced, and cannot be found by the reporter.

WHITFIELD, C. J., delivered the opinion of the court.

The demurrer, being to the whole bill, was properly overruled, since it was a good bill for divorce. The decree recites

expressly that the oral proof was taken by agreement, and there is no bill of exceptions. This recital is conclusive, and makes the case of *Cox* v. *Kyle,* 75 Miss., 667, s.c. 23 South., 518, inapplicable. Besides, under sec. 1571, code 1892, oral testimony is always proper in divorce cases, and as to that feature of this case no notice or agreement was necessary, under § 1764. The decree as to the divorce is affirmed.

It was, however, manifest error to award the policy to the appellee. The contract (the policy) by its terms conferred a vested interest on Mrs. Grego, irrevocable by appellee or by any court. The court had no more power to take from appellant this policy—her property vested by contract— than to take from her anything else that was her sole property. This is an ordinary life policy. Divorce has no effect upon that property, which is the wife's solely. 3 Am. & Eng. Enc. L. (2d ed.), p. 980, par. 4, and notes; *Bank* v. *Hume*, 128 U. S., 195, s.c. 9 Sup. Ct., 41, s.c. 32 L. Ed., 370. This is not a policy in a benefit association whose constitution and laws expressly authorize the member to change the beneficiary at will, as were the policies in *Tyler* v. *Association*, 145 Mass., 134, s.c. 13 N. E., 360, and *Schonfield* v. *Turner*, 75 Tex., 324, s.c. 12 S. W., 626, s.c. 7 L. R. A., 189. This is an ordinary life policy, under the express terms of which the whole beneficial interest was vested solely in the appellant. Neither the appellee nor the courts could take that which was hers solely from her. That would be depriving her of her property without due process of law. The law as to this is well settled, and is quite independent of any statutory basis, resting upon the terms of the contract itself. *Bank* v. *Williams*, 77 Miss., 398, s.c. 26 South., 965, and authorities therein cited.

We do not think the case one to be remanded for amendment, on the theory of reforming the contracts so as to show that the policy was to be the wife's only while she was wife. The policy and the testimony in *Goldsmith* v. *Insurance Co.*, 18 Abb.

(N. C.), 325, well warranted reformation. But there is no hint in the policy or the testimony here of any such purpose. The parties here made their case and framed their issues on no such theory, and it is too late to ask, in this court, for the first time, that the case be remanded for an amendment for a purpose the existence of which is not only not hinted at in the record, but in the face of the contract and of the construction put upon it by all parties in their pleadings. An amendment to that end should have been asked below on proper showing, and then, if denied, we might have remanded, allowing the amendment. But in the attitude of this case we think the request comes too late. The decree as to the divorce is affirmed. As to the relief sought touching the policy of insurance, the decree is reversed, and the bill as to that relief dismissed, without prejudice to any right appellee may have to file an original bill on the line of reforming the contract.