## JOSEPH W. DICKERSON v. MARTHA S. ASKEW.

CHANCERY PRACTICE. *Oral evidence. Code* 1892, § 1764. *Equity cause.*

> Under code 1892, § 1764, providing that "in all proceedings in matters testamentary and of administration, in minors' business and in cases of persons of unsound mind, and on the hearing of motions to confirm sales and in similar cases," witnesses may be examined orally in the chancery court, but further providing that "this shall not change the rule as to . . . cases in which depositions generally are authorized," the two clauses must be construed together, and so construing the section, the taking of oral proof on notice in an equity case to enforce a vendors' lien is not authorized.

FROM the chancery court of, first district, Panola county.

HON. JAMES C. LONGSTREET, Chancellor.

Dickerson, appellant, was complainant in the court below; Mrs. Askew, appellee, was defendant there. The suit was to enforce a vendor's equitable lien on lands. Defendant, besides answering, made her answer a cross-bill, alleging failure of complainant's title and surrender of possession by her to another having a superior title, and she filed a written notice that, on the trial, proof would be taken orally before the chancellor, no depositions having been taken. Over complainant's objection, oral proof was taken, on which there was a decree for defendant, from which complainant appealed to the supreme court.

The principal assignment of error was predicated of the action of the court below in hearing oral testimony and deciding the case upon it.

*Boothe & Boothe* and *Miller & Miller,* for appellants.

There was no "agreement in writing" or otherwise, between the parties, to take oral proof by the examination of witnesses in open court, even if permissible at all by agreement in an equity suit of this character. Notice was filed by defendant to examine witnesses in open court, but we most earnestly submit that the context and phraseology of section 1764 clearly restricts such notice to the cases therein enumerated and does not embrace the case at bar. In fact, in order to avoid any misconstruction, and to further emphasize the limitation of the rule to the class of cases enumerated, the last clause of the section expressly says: "But this shall not change the rule as to nonresident witnesses or cases in which depositions generally are authorized." Now what does this last clause mean, and what "rule" is it that shall not be changed. The statute was providing a new method of taking testimony in the class of cases enumerated, viz: by oral proof, and it was not intended that this new method, and which was an innovation upon an

old established rule, should apply to any other cases than those specifically enumerated. Had it been intended to include strictly equity suits like that one at bar, or, in other words, had the section in question been intended to apply to all cases in chancery and prevent the taking of oral testimony in any and every suit in equity, then surely a much shorter section and fewer and plainer words would have been adopted. If the construction of section 1764 claimed by opposing counsel to apply to all cases in the chancery court is correct, then why the necessity of the first clause of said section enumerating the cases in which oral testimony may be taken?

Opposing counsel may rely upon *Cox* v. *Kyle,* 75 Miss., 667, to sanction their contention as to the construction of section 1764. An examination of that case will discover the question here involved was not then presented or necessary to the decision of that case, and if anything stated in that opinion could be construed as holding that oral testimony would be admissible under the circumstances of the case at bar, then it could only be regarded as an *obiter dictum* and could not be a precedent.

"The opinion of courts must be construed in the light of the facts of the cases in which they are delivered." *Wilkerson* v. *Jenkins,* 77 Miss., 603.

" . . . But it is not always safe to accept without question what is laid down in text books or the opinions of courts." *Smith* v. *Ratcliff,* 66 Miss., 689.

"A judicial tribunal, when referred to a previous decision as an authority respecting the law looks at the state of the record and the facts of the case, and the subject-matter, before it undertakes to weigh the words used by the judge in pronouncing the opinion, and limits the effect and scope of the words by what thus appears." *Wilson* v. *Kohlheim,* 46 Miss., 365.

"Such is the flexibility of language, and even of sentences, disconnected from their context, as well as the special state of facts to which they have been applied, that in courts it has

become a settled rule that all adjudications are to be considered only in connection with and as explained by, and limited to the state of circumstances appearing in the record." *Pass* v. *Mc-Rae,* 36 Miss., 148; *Wells' Res Adjudicata,* secs. 581, 583, 585, 590.

*L. F. Rainwater,* for appellee.

Section 1764 has been construed by this court against the contention of appellant. *Cox* v. *Kyle,* 75 Miss., 667.

In the concluding part of the opinion in that case the court say: "Such oral proof is admissible in matters of this kind only when notice is filed or the written agreement of the parties is made therefor, under section 1764, Ann. Code, 1892."

In *Grego* v. *Grego,* 78 Miss., 445, the practice of filing notice is distinctly recognized and approved.

While the case last cited is not a direct adjudication of the question now under consideration, it is a very clear indication as to what the proper practice should be, and, considered with the case of *Cox* v. *Kyle, supra,* it seems that the question has been settled by this court in favor of the practice.

I insist further that the question of taking oral testimony in chancery courts is one of practice only, and the universal practice of the chancellors of the state, so far as my knowledge and information extend, is to allow oral proof upon notice, as was done in the case at bar.

I submit that this practice having been adopted by the chancellors under the authority of the cases cited, it would be a hardship for litigants to have their cases reversed and to be taxed with the costs for having followed a universal practice based upon such a clear intimation of the supreme court in the cases cited above.

The first paragraph of section 1764, down to the period enumerates a class of cases in which oral proof may be taken without notice or agreement. This paragraph is complete

within itself, and has no connection with that which follows. The second paragraph is broad and comprehensive, and includes "all cases where a party shall desire to have the witnesses examined in open court" and no depositions have been taken.

Section 1760 provides the manner of making oral testimony a part of the record and for taking bills of exceptions as in the circuit court, and seems to contemplate the taking of oral proof "in all cases."

There can be no injustice in this rule of practice, and it commends itself to the practitioner as a very wise and satisfactory method of arriving at the true facts of a cause.

CALHOON, J., delivered the opinion of the court.

This is a case of general equity cognizance. It does not involve, and is not in any way similar to, matters testamentary or of administration, or minors' business, or cases of persons of unsound mind, or motions to confirm sales, mentioned in the first clause of section 1764, Code 1892. Proceeding under that clause, appellee gave written notice that she would ask leave to have witnesses examined in open court, no depositions having been taken. The court below, over appellant's objection, permitted oral evidence, and on that decreed for Mrs. Askew, and complainant, who is also defendant to a cross-bill, appeals, without any evidence appearing in the record, from the overruling of his motion for decree on the pleadings.

The rule was universal to try all equity causes on depositions. It is, of course, and must remain, universal to the full extent not changed by statute. It has never been changed unless by legislation, the history of which we will quite summarily review.

When we had the probate court system, it was permitted to introduce oral evidence in matters pertaining to the jurisdiction of that court. The constitution of 1869 (section 16, art.

6) gave all this jurisdiction to the chancery courts, whereupon the legislature saw fit to apply the probate practice to the new jurisdiction of the chancery courts, and allow oral testimony as to that (Code 1880, secs. 1950, 1951), but did not require notice that witnesses would be produced for oral examination. In this state of the law there was enacted a section in the Code of 1892 as follows:

"1764 (1950, 1951). *Witnesses Examined in Open Court in Chancery.* In all proceedings in matters testamentary and of administration, in minors' business, and in cases of persons of unsound mind, and on the hearing of motions to confirm sales, and in similar cases, witnesses may be produced and examined in open court, or their depositions may be taken as in other cases in chancery courts. In all cases where the party shall desire to have the witnesses examined in open court, he shall, before any depositions have been taken, file a notice to that effect, or the parties may agree in writing in any case to have all or a part of the witnesses examined in open court; but this shall not change the rule as to nonresident witnesses or cases in which depositions generally are authorized."

Is this section restrictive or enlarging? Was it the purpose to radically change the general equity rule of practice of taking evidence by deposition only, or was it to prevent oral testimony, even in probate court matters and the confirmation of sales, except upon notice? The inquiry must begin, proceed, and end in full view of the thoroughly well settled canon of interpretation in Mississippi that the common law stands unless a legislative design to change it plainly appears in a statute. If the purpose be doubtful, on fair construction, the common law continues to prevail. If it was the purpose of section 1764 to revolutionize the whole equity procedure in proof taking, it seems easy to have said so in unmistakable terms. If it meant to do this, there was no sort of necessity for the first clause of the section. But if the first clause was designed to mean some-

thing, then, on the settled doctrine of construction: *"noscitur a sociis,"* the words "in all cases" in the second clause must be referred to the matters detailed in the first. This would result in applying the general equity practice of taking depositions even to those matters, unless, as to them, notice be filed.

Neither *Cox* v. *Kyle,* 75 Miss., 667, 23 South., 518, nor *Grego* v. *Grego,* 78 Miss., 443, 28 South., 817, commits this court on the question now before us. Section 1764 is restrictive, and not enlarging. Our conclusion gives meaning to the words in the last two lines of the section, "but this shall not change the rule as to . . . . cases in which depositions generally are authorized," which otherwise are utterly useless. No rule of interpretation admits of treating the first clause as if it were an independent section, and as meaning, regardless of the second clause, that, in matters it enumerates, oral proof may be taken without notice. It does not say so, and, if it meant so, manifestly the opening words of the second clause, instead of being "in all cases," would have at least been "in all other cases." The two clauses must be construed together. The two make the section.

While this case is reversed, we do not feel that we should enter decree here for appellant on this mistake as to practice, and so we reverse and remand, with ninety days, after mandate filed below, to the parties to take proof.

*Reversed and remanded.*