ROBERT J. LESSLY *v.* MARGARET E. OGDEN.

EQUITY PRACTICE.   *Oral testimony.*   *Code* 1892, § 1764.

> Where a defendant filed with his answer a written notice of a desire to have the witnesses in an equity suit examined *one tenus* in open court, and the complainant was misled thereby and consequently failed to take depositions, but caused the witness to appear in open court, it was not error for the court to deny defendant's application to withhold the notice and permit complainant to introduce testimony *one tenus* in open court, although defendant consented to a continuance of the cause.   *Dickerson* v. *Askew*, 82 Miss., 436, distinguished.

FROM the chancery court of Wilkinson county.

HON. WILLIAM P. S. VENTRESS, Chancellor.

Mrs. Ogden, appellee, was complainant, and Lessly, appellant, defendant, in the court below. From a decree in complainant's favor, based on oral testimony delivered in open court, the defendant appealed to the supreme court. The facts upon which the opinion rests are stated therein.

*Bramlette & Tucker,* and *McWillie & Thompson,* for appellant.

This was a bill filed by the appellee to set aside a conveyance on the ground of her mental incapacity at the time of the transfer and the alleged fraud of the appellant, her grantee, and his failure to perform the consideration of the instrument. It is of course not one of that class of cases in which the witnesses may be examined in open court when the party desiring so to examine them gives the notice contemplated by § 1764, Code 1892. *Dickerson* v. *Askew,* 82 Miss., 436; s. c., 34 So. Rep., 157.

The above section of the code has been very generally misinterpreted by the bar and was thought to apply to all kinds of equity suits until the decision cited which was delivered only about a month prior to the trial of this case, and had been pub-

lished for a much shorter time. The solicitors of the defendant in the court below fell into the common error and gave notice for the examination of witnesses in open court on the hearing of the cause. Having become aware of the above decision limiting this practice to minor's business, etc., they objected to the oral examination of the witnesses and asked leave to withdraw the above mentioned notice, offering at the time to continue the cause. The objection was resisted by the solicitor of the complainant who stated that he had his witnesses present and would consent to an oral examination in open court. The court below thereupon overruled the objection and allowed the oral examinations to proceed.

The notice given by the solicitors of defendant in reference to an oral examination could have no reference to cases like the one before the court, and the matter stood just as if nothing had been done looking to an oral examination. The notice, which could have no relation to any except cases of a different character from that before the court, involved no element of consent or agreement. Even in the particular class of cases contemplated by § 1764, Code 1892, such notices cannot be treated as agreements, for the statute expressly provides as an alternative to the giving of notice that "the parties may agree *in writing* in any case to have all or a part of the witnesses examined in open court." The complainant had the right to have her objection to oral examination sustained, and if this be true the defendant undoubtedly had the same right, the notice being wholly without effect in a case like the one on trial. Of course where a complication of this sort arises, one solicitor having misinterpreted the law and the other failed to take his proof by deposition in consequence of such misinterpretation, the latter would not be forced to go to trial without any evidence of the affirmative matter on which he relies, but the extent of his right would be to have the opportunity to take depositions, and this was offered by the solicitor for the appellee.

*A. G. Shannon,* for appellee.

Law is not intended to be a game of hocus-pocus. It is intended to be the nearest possible approach to abstract justice. While abstract justice is unobtainable, on account of the many defects of our nature, it is the object at which the law aims. Of course no system of jurisprudence would be tolerable that did not have and enforce rules of practice, but no court will allow these rules to circumvent justice or entrap the unwary. Complainant is informed by writing and of record that the defendant desires to take evidence orally in open court, she confiding in the sincerity of the defendant, as she has been accustomed to do heretofore, brings her witnesses to court under a subpoena all secured by grace of the pauper's oath, and proposes to consent to his request of record and gratify defendant. He turns blandly to the court and says: "I have now changed my mind; true I did not tell the complainant in time for her to take depositions, in fact, I did not tell her at all, that I had changed my mind. It is also true that I have every one of my own witnesses here, and it will be no inconvenience to me to take this evidence in open court. The truth is, the thing I most want is a continuance, and therefore I will condescend to favor my adversary, she can have the continuance. True, I am ready for trial as the law looks at it, but looked at from my standpoint, a trial would be now, and at all subsequent times during complainant's life, just outrageously inconvenient to me, so in my magnanimity she can have the continuance." This is just about what the defendant's objection amounts to, and it is nothing but an injustice to complainant who has come into court under the defendant's assurance that the evidence should be taken orally in open court.

But besides being a case where an unconscionable advantage is sought to be taken in the court of conscience, complainant has come strictly in the law of the code, § 1764, "or the parties may agree in writing in any case to have a part or all the witnesses examined in open court."

CALHOON, J., delivered the opinion of the court.

We do not disturb the conclusion of the chancellor on the facts. On the law, the case is that appellant (defendant below) filed with his answer to the bill a written notice, signed by the counsel, as follows: "The complainant in the case will take notice that the defendant herein desires and intends to have witnesses examined in open court upon the hearing of this cause." Relying on this, appellee (complainant below), by her solicitor, appeared with her witnesses for oral examination. But on offering to so examine them, defendant, silent until then, objected; relying on *Dickerson* v. *Askew,* 82 Miss., 436; s. c., 34 South., 157. The cases are not parallel. There it does not appear that anyone was misled. There the complainant in a cross bill gave the notice that leave would be asked for oral examination, and the defendant to the cross bill might well rely upon legal objections. There the defendant had done nothing to mislead the cross complainant. If mislead at all, she mislead herself; and no evidence appears in the record in that case, while in this all the evidence on both sides was produced and taken. Here the defendant gave notice of his "desire and intention" to have the witnesses examined orally, and the complainant acted on this, refrained from takeing depositions, and produced her witnesses, when, at that late period, defendant asked leave to withdraw his written notice and object to testimony *ore tenus,* thus necessitating a continuance. We think that, at any period of chancery practice, before § 1764 of the code of 1892 was enacted, a chancellor willing to hear the evidence would have proceeded, and could have properly proceeded. The statute cannot be properly construed to justify the laying snares for the unwary, and this might be the result in many cases, notwithstanding that there was no such purpose in the case before us. The action of the parties here was equivalent to a written agreement, and the court properly refused to permit defendant to withdraw his notice and force a continuance. The statute is not to be used to set traps. Complainant relied

'on the assurance of the notice, brought her witnesses, accepted the proposition involved in the notice in open court, and was there met with a proposition of withdrawal of the notice in order to compel a continuance, notwithstanding defendant was ready with his witnesses, and did actually proceed with his oral evidence. His point cannot be considered on general principles of fair dealing.

*Affirmed.*