EDWARD H. JOHNSON, JR., ET AL. *v.* SARAH HALL.

[40 South. Rep., 1.]

1. CHANCERY PRACTICE. *Examination of witnesses. Code* 1892, § 1764.

Code 1892, § 1764, providing for the examination of witnesses orally in open court in certain cases in the chancery court is a restrictive statute and does not, in the absence of any written agreement on the subject, authorize the oral examination of witnesses in a suit to set aside a deed as a cloud upon title to land, where no notice to that effect was filed before depositions were taken in the case.

2. DEEDS. *Cancellation. Fraud. Concrete case.*

Where defendant's father, a negro lawyer, advised complainant, an illiterate negress, that she was entitled to a pension and induced her to part with her deed to her homestead on the pretense that it was necessary to the preparation of the pension papers and caused her when she swore to the pension papers to also acknowledge a deed of the property to him, she believing the same to have been a pension paper, and being without knowledge that she was conveying her homestead and remaining without such knowledge until several years thereafter, when defendant placed the deed of record, the conveyance by the complainant is subject to cancellation as fraudulently obtained.

FROM the chancery court of Rankin county.

HON. ROBERT B. MAYES, Chancellor.

Sarah Hall, the appellee, was the complainant in the court below; Johnson and others, the appellants, were defendants there. From a decree in favor of complainant the defendants appealed to the supreme court.

Sarah Hall, the complainant, an illiterate negro woman, was the owner of certain property in Rankin county. She was approached by E. H. Johnson, Sr., a negro lawyer and the father of appellants, who advised her that she was entitled to a pension, and that, in order to prepare the necessary papers to secure it, he would have to have a description of her property. She therefore gave him her deed. She went to Brandon, the county

site, to sign her pension papers, prepared by Johnson, and the clerk before whom the acknowledgment was taken took seven acknowledgments.   Only six pension papers were shown to have been signed by the appellee, but her deed to the appellants bore the same date, and was acknowledged at the same time and before the same officer, as the pension papers.   The deed was not read to complainant, and every paper she signed and acknowledged was signed and acknowledged at the same time, and she thought they were all pension papers; she had no knowledge or intention of deeding away her property, and she knew nothing of the appellants' claim to the property until several years after the transaction.   For a criminal case which sprang from this transaction, see *Johnson* v. *State, ante.*

*Johnson & Johnson,* for appellants.

*James L. McCaskill,* for appellee.

The previous decisions of this court construing Code 1892, § 1764, completely answer the appellants' contention touching their asserted right to have examined witnesses orally in open court.   *Dickerson* v. *Askew,* 82 Miss., 436; *Winner* v. *Brandon,* 82 Miss., 767; *White* v. *Jones,* 83 Miss., 231; *Lessley* v. *Ogden,* 83 Miss., 442.

Appellants are dull of comprehension if they hope to have the facts of this case determined as falling short of a shameful fraud.

TRULY, J., delivered the opinion of the court.

None of the assignments of error possess any merit.   It has been heretofore decided that Code 1892, § 1764, is a restrictive, not an enlarging, statute.   *Dickerson* v. *Askew,* 82 Miss., 436 (34 South. Rep., 157).

The instant case clearly does not fall within its scope; but if it did, appellants did not bring themselves within its terms. There was no agreement in writing to have the witnesses examined in open court, nor was the notice to that effect filed "before

any depositions have been taken," as required by the statute. The notice was filed on October 16, 1903, while the certificate of the commissioner shows that the taking of depositions commenced on March 13, 1903. Hence, it was not error to refuse to permit the oral examination of certain witnesses when the cause came on for final hearing.

The action of the chancellor in permitting certain pension affidavits to be introduced in evidence, if error at all, does not constitute reversible error under the facts of this record. At most, they were but cumulative evidence of slight probative force, and the case of complainant had already been clearly proven by testimony of indisputable competency. The case made by the record is simply a bald, palpable, brazen attempt to defraud an ignorant woman of her home by a trick. Such a transaction could never be upheld by any court of conscience.

*The decree is affirmed.*