GOZA v. PROVINE.*

(Division B.   Oct. 19, 1925.)

[105 So. 534.   No. 25068.]

EXEMPTIONS. *Life policy on husband's life, payable to wife, not exempt from judgment against her on note signed by both.*

Life policy, payable to insured's wife, is not, under Code 1906, section 2140 (Hemingway's Code, section 1813), exempting life policy from debts of insured," exempt from judgment obtained against her alone, on note signed by her and her husband, after the note had been probated against his estate, even though as between themselves she was a mere surety, they being as to the payee jointly and severally liable, with right in payee under sections 2682 and 2683 (sections 2169 and 2170) to proceed against either or both of the joint makers till payment was made.

---

*Headnote 1. 25 C. J., Section 127. Exemption of proceeds of life insurance after loss, from beneficiary's debts, see note in L. R. A. 1915A, 1201; 11 R. C. L. p. 529; 2 R. C. L. Supp. p. 1268.

APPEAL from circuit court of Grenada county.

HON. T. L. LAMB, Judge.

Proceeding by G. R. Goza to enforce by garnishment a judgment against Mrs. C. C. Provine. From an adverse judgment, plaintiff appeals. Reversed and judgment rendered.

*Newsom & Newsom,* for appellant.

I.   The court erred in holding the money, the property of Mrs. C. C. Provine, on deposit in Grenada Trust & Banking Company, this money not being subject to seizure under garnishment for the debt of Mrs. C. C. Provine.   Hemingway's Code, section 1814, provides that the proceeds of a life insurance policy not exceeding five thousand dollars payable to the executor or administrator of the insured, shall inure to the party or parties named as beneficiaries thereof, freed from all liability for the debts of the person whose life is insured.   This statute exempts the proceeds of the insurance upon the life of C. C. Provine, deceased, being less than five thousand dollars, from *his debts, but it does not exempt the money derived from the insurance on the life of C. C. Provine, deceased, from the debts of the beneficiary,* Mrs. C. C. Provine, and it was not contemplated *in the statute that the beneficiary,* Mrs. C. C. Provine, *should receive* the proceeds of the insurance upon the life of C. C. Provine, deceased, *freed from her debts and obligations.*   When this money came into her hands it became subject to her debts the same as any other property would have.   *Yale & Bowling* v. *McLaurin,* 66 Miss. 461; *Jackson Bank* v. *Williams,* 77 Miss. 398, 26 So. 965.

So with these decisions and the statute, we are of the opinion that the money, when it came into the hands of Mrs. C. C. Provine, was subject to her debts the same as any other property would have been.   *This statute*

*does not exempt the money from the beneficiary's debts
but the insured's.*

II.    The defendant, appellee, here, objected to the in-
troduction of the judgment against Mrs. Provine.  As the
note, upon which this suit is filed, was not satisfied in
this probation against the estate of C. C. Provine, it was
necessary to sue Mrs. C. C. Provine, the co-maker; and
the fact that it was probated against the estate of C. C.
Provine, does not bar a suit against Mrs. C. C. Provine
when it was not satisfied.    Only satisfaction would bar
a suit.  *Scharff* v. *Noble,* 67 Miss. 143.    See Heming-
way's Code, sections 2169 (2682), *as to the effect of re-
leasing one or more joint debtors,* and Hemingway's
Code, sections 2170 (2685), *showing that judgment
against one does not affect rights against the other.*
Under Hemingway's Code, section 2169, a creditor is
empowered to settle or compromise with and release
one or more of such debtors and the settlement or release
does not affect the right or remedy of the creditor against
the other debtor or debtors for the amount remaining
due and unpaid, and shall not operate to release any of
the others of said debtors.    It is the contention of the
appellee that the probating of the note by G. R. Goza
against the estate of C. C. Provine, deceased, would bar
any claim against Mrs. C. C. Provine.

Under section 2170, Hemingway's Code, it is specially
provided that in any action founded on a joint or
joint and several bond, *promissory note,* etc., it shall be
lawful to sue any one or more of the parties liable.    It
is evident from these sections just quoted and the case
cited, that the creditor could not exhaust his remedy
against all of the debtors or makers of this note by suing
one, but that he had the right to sue one at a time until
full satisfaction was obtained.    Therefore, the institu-
tion of the suit against Mrs. C. C. Provine is not barred
by virtue of the fact that G. R. Goza probated his claim,
the promissory note, against the estate of C. C. Provine,
deceased, but that he was protecting Mrs. C. C. Provine,

and that he can, as he did, turn around and sue Mrs. C. C. Provine on the note, as it was. not satisfied by the probation.

*W. M. Mitchell,* for appellee.

I. ˙ The alleged judgment against Mrs. C. C. Provine, offered in evidence by appellant, G. R. Goza, should have been excluded, because:

(a)   The record shows that it was rendered at the trial term, it having been returnable to the July term, 1923, and judgment rendered at the January term, 1924, but said judgment does not show that no plea had been filed by defendant, but judgment was taken by default, and we submit that it should either have recited the fact that no plea had been filed, or else should have shown a submission to and a verdict of a jury upon which to base the judgment. This judgment does not show that any certain amount was found to be due from defendant to plaintiff, either by the court or the jury.

(b)   The record shows. that one of the parties to the note sued on; to-wit, C. C. Provine, was dead, and that this very note had been probated against his estate by Mr. Goza, before it was due, and prior to the institution of the suit against Mrs. Provine. And we submit that the probation of the note against the estate of C. C. Provine·was equivalent to a suit against his representative, and ·operated to release Mrs. Provine from any liability thereunder, she not having received any benefit from the said note, but, according to the agreed statement of facts, was a mere accommodation signer, in compliance with the custom to have the wife of a married man join in notes made by him. There is no showing made that the note would not or could not be collected from said estate.

II.   The money attempted to be held under this garnishment proceeding was not subject to seizure thereunder, but was exempt from any claim of plaintiff based

upon the indebtedness upon which he seeks to hold same, for the reason that this was not the debt of the defendant, Mrs. C. C. Provine, but was the debt of her husband, C. C. Provine, and the statute expressly exempts the proceeds of life insurance taken out by the debtor in favor of his wife, to the amount of ten thousand dollars, etc., and it is agreed by the parties hereto that the amount of the insurance policy, part of the proceeds of which this money represented, was for a less amount than that exempted by the statute.

It is further agreed that the note which formed the basis of the alleged judgment against appellee, Mrs. C. C. Provine, was signed by C. C. Provine, and Mrs. C. C. Provine, who was his wife, and that Mrs. Provine received none of the proceeds of said note, but that C. C. Provine got all of the money, and that, after Mr. Provine's death, which occurred before this note matured, Goza probated same against his estate, thereby acknowledging that the debt was his and not that of the appellee, Mrs. Provine. Having taken his choice, having sworn that this was a debt of C. C. Provine, and having demanded payment thereof by his estate, he is estopped from afterwards attempting to hold appellee, Mrs. Provine, therefor, as being the principal debtor, without even joining the administrator of C. C. Provine's estate in the suit against her, or alleging that the debt cannot be made from said estate. There is, therefore, a vast difference between the facts in this case and those in *Yale & Bowling* v. *McLaurin*, 66 Miss. 461, upon which counsel for appellant rely, and which is the only case cited by them which tends to sustain their contention.

Our court has repeatedly held that the exemption laws are to be construed most favorably in favor of the exemptionist, as the very purpose of such laws is the protection of the dependent wife and children of the husband, and that it not only is his privilege, but his duty to provide for them, and it is the duty of the state and the courts to throw around them every possible

barrier against the claims of creditors who seek to deprive them of the meager means of support which may thus be provided for them. See *Bank* v. *O'Neal,* 86 Miss. 45; *Dreyfus* v. *Barton,* 98 Miss. 768.

This policy of both state and court is shown further by the passage by the legislature of Chapter 190, Laws of 1924, which provides that a contract or agreement may be made between the parties to the contract that the insurance company may hold the proceeds of the policy free from any debts even of the beneficiary therein, and such proceeds shall not be subject to any judicial processes to levy upon or attach same for the payment thereof, and subject only to be paid to the beneficiary according to the terms thereof, etc.

This court has also held in *Chapman* v. *Berry,* 73 Miss. 478, that the chapter on Garnishment and the independent chapter on Exemptions must be so construed as to give harmonious effect to both.

Anderson, J., delivered the opinion of the court.

Appellant G. R. Goza sought to enforce the payment of a judgment held by him against appellee, Mrs. C. C. Provine, by garnishment served on Grenada Trust & Banking Company. There was a contest growing out of the garnishment proceedings resulting in a judgment for appellee. The question tried was whether or not the funds in the custody of Grenada Trust & Banking Company which were admitted to be the property of appellee were subject to the judgment against her on which the garnishment was issued. The facts, which are undisputed, out of which the question arises are substantially as follows: On May 24, 1922, appellee and her husband executed a note in favor of appellant in the sum of six hundred seventy-two dollars due January 10, 1923. Thereafter the husband died. At the time of his death nothing had been paid on the note. Subsequent to the death of the husband appellant duly probated the note

against his estate. Nothing has been realized on the note from his estate. After the death of appellee's husband and the probation of the note by appellant against his estate, appellant sued appellee in the circuit court of Grenada county on said note. Process was issued, and personally served on appellee, and made returnable as provided by law. Appellee failing to appear and defend the action, judgment by default was taken against her for the amount of the note and interest and attorney's fee as provided in the note. On April 26, 1924, the judgment being still unsatisfied, appellant suggested in writing that Grenada Trust & Banking Company was indebted to appellee, the judgment defendant, and that garnishment issue accordingly. Thereupon garnishment was issued and served on the banking company, which answered that it had on deposit the sum of four hundred fifty-seven dollars, the property of appellee, but asserted that it was exempt by law from the judgment, because the money so on deposit was the proceeds of a life insurance policy on the life of appellee's husband in which she was the beneficiary. Appellee also made claim to the funds so garnished on the same ground as that set up by the banking company. Issue was taken by appellant on the answer of appellee, which was tried on agreed facts, which were, in substance, that some time before the death of appellee's husband he took out a policy of insurance on his own life, naming appellee therein as beneficiary; that this policy was in force at the time of his death and the funds garnished on deposit in Grenada Trust & Banking Company were part of the proceeds of this life insurance; that the note which was the foundation of the judgment against appellee was for borrowed money, all of which was received and went into the hands of her husband; that appellee simply signed the note with her husband in order to enable him to borrow the money for which the note was given to appellant. It was agreed further the total amount of this insurance was less than five thousand dollars.

140 Miss.—21.

Appellant's position is that, regardless of the source from which the garnished funds came, they were the property of appellee and liable to be taken by the judgment against her in favor of appellant.

Appellees position is that the foundation of the judgment against her on which the garnishment was issued was an indebtedness due by her husband; that in truth and in fact it was not her indebtedness but his; that under section 2140, Code of 1906 (Hemingway's Code, section 1813), therefore the funds were exempt. That statute provides in substance that the proceeds of a life insurance policy to an amount not exceeding ten thousand dollars, upon any one life shall inure to the party named as beneficiary, free from the debts of the person whose life was insured, even though the insured paid the premiums thereon. The proceeds of a life insurance policy, payable to the wife of the insured, are not upon his death assets of his estate, but belong to the wife. *Jones* v. *Patty,* 73 Miss. 179, 18 So. 794. A life insurance policy designating a beneficiary is the property of such beneficiary at the moment of its issuance. *Jackson Bank* v. *Williams,* 77 Miss. 398, 26 So. 965, 78 Am. St. Rep. 530.

The note was signed by both appellee and her husband as joint makers. Even though it be true as between appellee and her husband that she was a mere surety, that is not true as between appellee and the appellant, the payee in the note. As between appellant on the one hand and appellee and her husband on the other the latter were jointly and severally liable on the note, and under the law appellant had the right to proceed against either one or both of the joint makers until payment was made. Section 2683, Code of 1906 (section 2170, Hemingway's Code); section 2682, Code of 1906 (section 2169, Hemingway's Code); *Scharff* v. *Noble,* 67 Miss. 143, 6 So. 843.

The exemption of the proceeds of life insurance given by section 2140, Code of 1906 (section 1813, Hemingway's Code), is against the debts of the insured. It is

true the note involved here was the debt of the insured. And, if it had been his debt alone, the proceeds of the policy would have been freed from liability for it. But the note and the judgment into which it was merged was the debt also of appellee, and it was her several, as well as her joint, liability with her husband. The case stands exactly as if the note had been signed by her alone. In other words, under this statute we hold that these garnished funds could not have been taken on a judgment against appellee's husband, but they can be taken on a judgment against her, even though the judgment against her was based on the same indebtedness as that of the judgment against her husband.

We do not deem the other questions argued of sufficient seriousness to call for a discussion by the court. We think it sufficient to say that the defects and irregularities, if any there were, in the judgment obtained by appellant against appellee were cured by the statute of jeofails; and, if there were irregularities in the garnishment proceedings, they were not vital.

Reversed, and judgment here for appellant.

*Reversed.*