FIRST-COLUMBUS NAT. BANK *v.* D. S. PATE LUMBER CO.

(Division A. May 16, 1932.)

[141 So. 767. No. 29942.]

Frierson & Anderson, of Columbus, for appellant.

Owen & Garnett, of Columbus, for appellee.

Argued orally by **J. F. Frierson**, for appellant, and by **C. L. Garnett**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

In December, 1920, the appellee, D. S. Pate Lumber Company, obtained from the National Life Insurance Company two insurance policies on the life of Walter N. Holesapple, one of its executive officers and stockholders, payable ''to the D. S. Pate Lumber Co. a corporation of Chicago, Illinois, its successors, or assigns, or to any other beneficiary designated by the insured as thereinafter provided,'' and providing that: ''The insured shall have the right, at any time, when this policy is in force, and with the written consent of the beneficiary or beneficiaries named herein or endorsed hereon, and not assigned, to change the beneficiary or beneficiaries, in accordance with the rules of this company, by filing with the company a written request for the change desired and presenting the policy for endorsement, such change to take effect upon endorsement of the same upon the policy by the company.''

When these policies were issued, Holesapple was, and continued to be until some time in 1927, a stockholder in

and treasurer and one of the managers of the lumber company. In 1927, he sold his stock in the appellee company and ceased to be an officer therein. He then requested the appellee company to turn the insurance policies it had taken out on his life over to him. It complied with this request as to one of the policies, but refused as to the other. In 1930, he filed a bill in the court below against the D. S. Pate Lumber Company and the National Life Insurance Company, in which he offered to pay the appellee (D. S. Pate Lumber Company) the cash surrender value of the policy, "or whatever amount may be just and fair in the premises, and prayed that the beneficiary in the life insurance policy be changed to Mrs. Lena W. Holesapple, if living, and if not, to the insured's executors, administrators or assigns."

The case was tried on bill, answer, and proof, and a decree was rendered dismissing the bill.

While the case was pending, Holesapple died, and the First-Columbus National Bank, his duly appointed executor, was substituted as complainant therein.

The contentions of the appellant, as set forth in the brief of its counsel, are as follows:

"The insurable interest of the corporation in the life of the insured had ceased; the insured had requested a change of beneficiary and been refused, and the corporation did not have the right to continue as the beneficiary in these policies over the objection and protest of the insured, after the insured made this request and offered to reimburse the corporation for whatever amount was fair, equitable and just.

"These insurance policies having been taken out by the corporation for its own benefit were indemnity policies to indemnify the corporation in case of loss by death of the services of the insured, and, after termination of insurable interest of the corporation in the life of the insured, it was against public policy and against good morals to permit the corporation to remain the

beneficiary in these policies over the protest of the insured, who was offering to do equity.

"These policies did not represent a vested interest and if they did represent a vested interest it was such a vested interest as became defeasible after the severance of insurable relationship with the insured protesting and offering to do equity."

A life insurance policy, though sometimes designated as a contract of indemnity, is not, in fact, such, unless made so by its language, but is a contract to pay a specific sum on the death of the person insured without regard to the value of his life to the beneficiary. The authorities supporting this proposition are too numerous to cite, but will be found collated in 37 C. J. 361.

As Holesapple was treasurer and one of the active managers of appellee's business, it had, as the appellant admits, an insurable interest in his life when the policy was issued, 37 C. J. 396, and that this interest in the life of the insured thereafter ceased has no effect upon the validity of the policy, or the right of the beneficiary therein to its proceeds. Grego v. Grego, 78 Miss. 443, 28 So. 817, 818. In Murphy v. Red, 64 Miss. 614, 1 So. 761, 762, 60 Am. Rep. 68, the court, in holding that an assignment of a policy to one having no interest in the life of the insured was valid, said that: "An insurable interest in the assured, at the time the policy is issued, is essential to the validity of the policy, but it has been often decided, . . . that it is not necessary to the continuance of the insurance that the interest in the life insured should continue. Cessation of interest . . . would not terminate the policy." This is in accord with the weight of authority elsewhere. 37 C. J. 397; 1 Cooley's Briefs on Insurance (2 Ed.), 414.

The beneficiary in a life insurance policy has a vested interest therein after its delivery, of which he cannot be deprived without his consent in the absence of a provision therefor in the policy. Jackson Bank v. Williams,

77 Miss. 398, 26 So. 965, 78 Am. St. Rep. 530; Johnson v. Bacon, 92 Miss. 156, 45 So. 858; Mutual Benefit Life Ins. Co. v. Willoughby, 99 Miss. 98, 54 So. 834, Ann. Cas. 1913D, 836; Goza v. Provine, 140 Miss. 315, 105 So. 534; Williams v. Penn. Mutual Life Ins. Co., 160 Miss. 408, 133 So. 649.

The policy here involved provides for a change of beneficiary, but only "with the written consent of the beneficiary." For the court to change the beneficiary without the appellee's consent would not only be to deprive it of a vested right, but to do that which the policy itself expressly provides shall not be done.

That the courts are without power to change the beneficiary in such a policy without the beneficiary's consent seems to have been settled in the case of Grego v. Grego, supra. In that case a husband filed a bill against his wife for a divorce and prayed that she be divested of all rights in an insurance policy he had taken out upon his own life payable to her. The court below granted both prayers of the bill. This court affirmed the decree in so far as it granted the divorce, but reversed it in so far as it changed the beneficiary in the policy. In the course of its opinion, the court said: "The contract . . . by its terms, conferred a vested interest on Mrs. Grego, irrevocable by appellee or by any court. The court had no more power to take from appellant this policy,—her property vested by contract,—than to take from her anything else that was her sole property, . . . This is an ordinary life policy, under the express terms of which the whole beneficial interest was vested solely in the appellant. Neither the appellee nor the courts could take that which was hers solely from her. . . . The law as to this is well settled, and is quite independent of any statutory basis, resting upon the terms of the contract itself."

It is said by counsel for the appellant that the evidence discloses that "actual animosity existed between the officers of the corporation and the insured even before he severed his connections with the corporation."

This charge is probably not borne out by the evidence, but, if true, it would not affect the legal rights of the parties hereto.

Affirmed.