GERARD *v.* METROPOLITAN LIFE INS. CO.

(Division B. Oct. 2, 1933.)

[149 So. 793. No. 30702.]

W. M. Mitchell, of Grenada, for appellant.

Wells, Wells & Lipscomb, of Jackson, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellant filed her bill against appellee in the chancery court of Grenada county on a life insurance policy issued by appellee in favor of appellant on the life of one Fannie Jones, deceased, to recover four hundred dollars, the face value of the policy. Appellee demurred to the bill on the ground that it stated no cause of action, giving several reasons therefor, one of which was a want of insurable interest. The demurrer was sustained, and the bill dismissed. From the decree of dismissal, appellant prosecutes this appeal.

Appellant's bill alleged that appellant is a white woman, while Fannie Jones, the insured, was a negro woman and the servant of appellant; that appellee's agent in Grenada county represented to appellant and to Fannie Jones that appellee would issue a policy of insurance on the life of the latter in the sum of four hundred dollars without medical examination, payable to appellant; that thereupon appellee's agent filled out an application for such a policy, which was signed by Fannie Jones and sent in by the agent to appellee, and along with it the first monthly premium of three dollars and forty cents; that Fannie Jones paid another premium, and then died; that appellee, at the time of her death, had never issued and delivered the policy of insurance, and refused to issue it thereafter; that, when appellee heard of the death of Fannie Jones, it tendered back the two premiums that had been paid, and denied liability on the policy.

There was no relation of either affinity or consanguinity between appellant and Fannie Jones. Touching appellant's insurable interest in the life of Fannie Jones, the

bill used this language: "And that on said day said agent represented to your complainant that he would take an application for insurance in said company on the life of one Fannie Jones, who was then living in said Grenada county, Mississippi, and who had theretofore for a long time been and was then a servant of said complainant, and who was an ignorant negro and who was being looked after and her business being handled by complainant, payable to your complainant as beneficiary therein; . . . and that your complainant had an insurable interest in said Fannie Jones, . . . that she had long been personally and pecuniarily interested in the said Fannie Jones, and had given a considerable amount of her time and attention to her, looking after her welfare and attending to all of her business affairs.'

We will consider only one question in the case—whether appellant had an insurable interest in Fannie Jones' life. The conclusion we have reached on that question renders it unnecessary for us to decide any other.

The allegations of appellant's bill must be taken most strongly against her. There was no relation, as stated, of consanguinity or affinity existing between appellant and the insured. The bill alleged that Fannie Jones was appellant's negro servant and had been for a long time; that she was an ignorant negro, and appellant had looked after and handled her business, giving a considerable amount of her time and attention to her. An insurable interest in the life of another means that there must be a reasonable ground based on the relation of the parties to each other, either pecuniary, blood, or affinity, to expect some advantage from the continuance of the life of the insured, otherwise the contract is a mere wager; the beneficiary in such a contract has more reason to desire the death of the insured than the continuance of life. "Such policies have a tendency to create a desire for the event. They are, therefore, independently of any statute on the subject, condemned, as being against public policy." National Life & Accident Ins. Co. v. Ball, 157 Miss.

163, 127 So. 268. In that case a policy was taken out and the premiums paid by the son-in-law of the insured, who showed no reasonable expectation of any such benefit in the continuance of the life of the insured as the law regards as an insurable interest. The insured was without substantial property; to a large extent she was dependent upon others and was not a member of the household of her son-in-law. The court held that the latter had no insurable interest in the life of the mother-in-law, and that therefore the policy was void.

The allegation of appellant's bill touching insurable interest, fairly interpreted, means that the insured, Fannie Jones, had more interest in the continuance of appellant's life than appellant had in the continuance of her life. It is true that the bill states that Fannie Jones was appellant's servant and that appellant had a personal and a pecuniary interest in her, but there is an entire lack of any substantial allegation as to what constituted the pecuniary interest. Of course, merely personal interest is not an insurable one. As we view it, the Ball case is decisive of the question involved against appellant, and First Columbus National Bank v. D. S. Pate Lumber Co., 163 Miss. 691, 141 So. 767, and Berry v. Lamar Life Ins. Co., 165 Miss. 405, 142 So. 445, 145 So. 887, cited by appellant, which are not at all in conflict with the Ball case, do not sustain her contention.

Affirmed.