## LAMAR LIFE INS. CO. v. MOODY.

### [In Banc. No. 20982.]

INSURANCE. *Insured may pledge policy to company for loan without beneficiary's consent.*

> The insured may pledge policy to the company for loan without the consent of the beneficiary, where it appears that insured reserved the right to change the beneficiary. Beneficiary has no vested right in the proceeds of such policies.

APPEAL from Circuit Court, Pearl River County;
HON. W. L. CRANFORD, Special Judge.

Action by Mrs. Catherine A. Moody against the Lamar Life Insurance Company. Judgment for Plaintiff, and defendant appeals. Reversed and dismissed.

*Wells, Roberson & Jones,* for appellant.

It is our contention that whenever, in any contract of life insurance, the applicant and insured reserves in the application, which becomes a part of the contract of insurance, the right to change the beneficiary, then, and in that event, the interest of the beneficiary first named, is not vested, but contingent, and the insured has the absolute authority without the consent of the beneficiary to take the entire cash surrender value or borrow the entire loan value of the policy, and thus himself, get the full benefit of the policy, or he may designate another than the first beneficiary as the object of his bounty.

This identical question has never been decided by this court. We say this, having fully in mind the decisions of this court as laid down in: *Bishop* v. *Curphy,* 60 Miss. 179; *Cozine* v. *Grimes,* 76 Miss. 398; *Greao* v. *Greao,* 78 Miss. 443; *Johnson* v. *Bacon,* 92 Miss. 156; and *Mutual Benefit Life Insurance Co.* v. *Willoughby,* 54 So. 834, 99 Miss. 98.

The precise question which we now present, was in none of those cases suggested to the court; on the contrary, in the most exhaustive cases considering this subject, to-wit: in the case of *Bank* v. *Williams*, *Insurance Co.* v. *Willoughby*, and *Johnson* v. *Bacon, supra*, it affirmatively appears from the original records that the right was not reserved by the insured to change the beneficiary in the contract of insurance and however broad the language of the court may be in those cases such holding must be limited to the facts in those cases. As a matter of fact, in the briefs of counsel on the winning side in the above cases, they recognize the principle contended for by us herein. For instance, in the case of *Mutual, etc.,* v. *Willoughby*, 54 So. 834, 99 Miss. 98, in the record in this court No. 14993, in the brief of Willing & Davis, and George B. Power we find this statement of the law: "It is a well established principle of insurance law that in ordinary life insurance policies, where no power of disposition is reserved in the insured, the beneficiary in the policy, upon the issuance of the policy, acquires a vested right therein, which cannot be impaired or defeated, without his consent." And counsel quoted the cases above referred to in support of such statement of the law.

Likewise, in the case of *Johnson* v. *Bacon*, 92 Miss. 160, in the brief of Pollard & Hammer, we find the following contention as to the law: "The wife and children had a vested right upon the issuance of the policies. In ordinary life insurance where no power of divestiture is reserved, the general doctrine prevails that the issuance of the policy conferred immediately a vested right upon and raises an irrevocable trust in favor of the party named as beneficiary, a right which no act of the insured can impair without the beneficiary's consent," and said counsel quoted the Mississippi cases above referred to by us.

However, when we turn to the standard text-books on insurance we find the law clearly laid down as asserted by

us above. In 1 Bacon's Life & Accident Insurance (2 Ed.), sec. 379, page 792, we find: "It has been held, however, that where the right to change the beneficiary is reserved, the policy can be assigned by the insured to a creditor as security of a debt." Citing the following authorities: *McNeil* v. *Chinn*, 45 Tex. Civ. App. 551, 101 S. W. 465; *Alba* v. *Provident Savings L. Assn. Society*, 116 La. 1021, 43 So. 663; *Fuos* v. *Dietreich*, (Tex Civ. App), 101 S. W. 291; *Cornell* v. *Mut. Life Ins. Co.*, 179 Mo. App. 420, 165 S. W. 858; and again in section 380 of the same work, page 793, we find the following: "The insured may borrow money on the policy although payable to the wife and chidren, if the right to change the policy is reserved. Citing *Mut. L. Ins. Co.* v. *Twyman*, 122 Ky. 513, 92 S. W. 335; *Grice* v. *Ill. Life Ins. Co.*, 122 Ky. 575, 92 S. W. 560.

Likewise, there is found in Briefs on the Law of Insurance, Cooley, Suppl. Vol. VI, page 424, Secs, 1091 of, the following: "If, however, the right to change the beneficiary is reserved, the insured may assign the policy at will." Citing *Alba* v. *Provident Sav. L. Assurance Soc. of N. Y.* 43 So. 663, 118 La. 1021; *Cornell* v. *Mut. L. Ins. Co. of N. Y.*, 170 Mo. App. 420, 165 S. W. 858; *Fuos* v. *Dietrich* (Tex. Civ. App.), 101 S. W. 291; *McNeill* v. *Chinn*, 45 Tex. Civ. App. 551, 101 S. W. 465.

In addition to these quotations from these text books with the cases cited by them in support of the text, we now cite the following from opinions in various cases from courts of last resort in various states, to wit: *Grice* v *Illinois Life Insurance Company*, 122 Ky. 472; *Hopkins* v. *Hopkins Admr.*, 92 Ky. 324, 13 Law Rep. (Ky.) 707, 17 S. W. 864; *Wirgman* v. *Miller*, 98 Ky. 620, 17 Ky. Law Rep. 1174, 33 S. W. 937; *Wrather* v. *Stacy*, 82 S. W. 420, 26 Ky. Law Rep. 683, 89 S. W. 178, Ky. Law Rep. 167; *Mutual Life Insurance Company of Kentucky* v. *Twyman, etc.*, 122 Ky. 513; *Wirgman* v. *Miller*, 98 Ky. 620, 17 Ky. Law Rep. 1174, 33 S. W. 937; *Baldwin* v. *Haydon*, 70 S. W. 300, 24

Ky. Law Rep. 900; *Mente* v. *Townsend,* 68 Ark. 391, 59 S. W. 41; *Marsh* v. *Sup. Council, etc.,* 149 Mass. 312, 21 N. E. 1070, 4 L. R. A. 382; *Sabin* v. *Phinney,* 134 N. Y. 423, 31 N. E. 1087, 30 Am. St. Rep., 681; *Swift* v. *Swift,* 96 Ill. 309; *Splawn* v. *Chew,* 60 Texas 532; *Nally* v. *Nally,* 74 Ga. 669, 58 Am. Rep. 458; *Hopkins* v. *M. W. Life Assur. Co.,* 99 Fed. 199, 40 C. C. A. 1; *Hopkins* v. *Hopkins Adm'r.,* 92 Ky. P. 324; *Cent. Natl. Bk.* v. *Hume,* 128 U. S. 195, 9 Sup. Ct. 41, 32 L. Ed. 370; *Atlantic Mutual Life Insurance Company* v. *Annie Gannon et als.,* 179 Mass. 291; *Martin* v. *Stubbings,* 126 Ill. 387; *Splawn* v. *Chew,* 60 Tex. 532; Bliss on Life Insurance, secs, 317, 337; *Ricker* v. *Charter Oak Life Ins. Co.,* 27 Minn. 193; *Ricker* v. *Charter Oak Ins. Co., supra; Fuos* v. *Dietreich,* 101 S. W. 291; *McNeil* v. *Chinn,* 45 Tex. Civ. App. 553; *Splawn* v. *Chew,* 60 Tex. 534; *Irwin* v. *Traveler's Ins. Co.,* 16 Tex. Civ. App. 685; *Washington Life Ins. Co.,* v. *Berwald,* 97 Tex. 115; *Knights* v. *Watson,* 64 N. H. 519; *Bank* v. *Whittle,* 63 N. H. 587; *Pittinger* v *Pittinger,* 28 Colo. 314; *Fidelity Mutual Life Assn.* v. *Winn,* 96 Tenn. 224, 33 S. W. 1045; *Steinhausen* v. *Assn.* (Sup.), 13 N. Y. Sup. 36; *Martin* v *Stubbings,* 125 Ill. 387, 18 N. E. 657, 9 Am. St. Rep. 620; *Van Frank* v. *Assn.,* 158 Ill. 560, N. E. 1005; *Masonic Mut. Ben Soc.* v. *Burkhart,* 110 Ind. 189, 10 N. E. 449; *Stewart* v. *Sup. Council,* 36 Mo. App. 319; *Mutual Assn.* v. *Montgomery,* 70 Mich. 587, 38 N. W. 588, 14 Am. St. Rep. 519; Niblack on Benefit Societies, sec. 325; *Mutual Life Ins.* v. *Lowther,* 126 Pac. 882; *Cornell* v. *Mutual Life Insurance Company,* 179 Mo. App. 420; 3 Ency of Law (2 Ed.), 984; *Blum* v. *Insurance Company,* 197 Mo. 513, 95 S. W. 317, and cases cited; *U. S. Casualty Co.* v. *Kacer,* 169 Mo. 301, 313, 69 S. W. 370; *Lockwood* v. *Ins. Co.* (Mich.), 66 N. W. 229; *N. Y. Life Ins. Co.* v. *Ireland,* (Tex.), 11 S. W. 617; *Webb* v. *Ins. Co.,* 134 Mo. App. 576, 579, 115 S. W. 481; *Leeker* v. *Ins. Co.,* 154 Mo. App. 440, 451, 134 S. W. 676; *Eves* v. *Woodmen of the World,* 153 Mo. App. 247, 256, 133 S. W. 657; *Mut. Life Ins. Co.* v. *Twyman* (Ky.), 92 S.

W. 335; *Eagle* v. *Ins. Co.*, (Ind.), 91 N. E. 814; *Pierce* v. *Ins. Co.*, 138 Mass., 151-160; *Robinson* v. *Ins. Co.*, 168 Mo. App. 259, 153 S. W. 534; *Hopkins* v. *Ins. Co.*, 99 Fed. 199; *Lamb* v. *Ins. Co.*, 106 Fed. 637; *Denver Ins. Co.* v. *Crane*, (Colo.), 73 Pac. 875; *Alba* v. *Provident Savings Life Assur. Soc.*, 43 So. 663 (La.); *Lake* v. *N. Y. Life Ins. Co.*, 120 La. 974, 45 So. 959; *Alba* v *Provident Sav. Life Ins. Co.*, 118 La. 1021, 43 So. 663; *Jagoe* v. *Aetna Life Ins. Co.*, 123 Ky. Rep. 511; *Rumsey* v. *N. Y. Life Ins. Co.*, 59 Colo. 71; *Hopkins* v. *Ins. Co.*, 99 Fed. 199, 40, C. C. A. 1; *Mut. Life Ins. Co.* v. *Twyman*, 122 Ky. 513, 92 S. W. 335, 97 S. W. 391, 121 Am. St. Rep. 471; *Hopkins* v. *Hopkins, etc.* 92 Ky. 324, 17 S. W. 864; *Atl. Mut. L. I. Co.* v. *Gannon*, 179 Mass. 291, 60 N. E. 933; *Martin* v. *Stubbings*, 126 Ill. 387, 18 N. E. 657, 9 Am. St. Rep. 620; *Delaney*, v. *Delaney*, 175 Ill. 187, 51 N. E. 961; *Splawn* v. *Chew*, 10 Tex. 532; *Fuòs* v. *Dietrich* (Tex. Civ. App.), 101 S. W. 291; *McNeil* v. *Chinn*, 45 Tex. Civ. App. 551, 101 S. W. 465; *Knight of Honor* v. *Watson*, 64 N. H. 517, 15 Atl. 125; *Mente* v. *Townsend*, 68 Ark. 391.

We submit, therefore, that this case should be reversed and judgment entered here for the appellant, the Lamar Life Insurance Company.

*W. A. Shipman*, for appellee.

Did the insured, by reserving the right in his application to change the beneficiary, have the right to assign the policy without the consent of the beneficiary named in the policy; never having exercised the right so reserved, if indeed he ever had such right?

Counsel for appellant contends that in such case the interest of the beneficiary is not a vested, but a contingent, interest, and that the insured had the absolute and unqualified right, without the consent of the beneficiary, to make such assignment, to take the entire cash or loan surrender value, to borrow the loan value, and in fact to

make any kind of disposition he might have seen fit with or without reason.

To a certain extent the interest of every beneficiary in an insurance policy may be said to be contingent. Thus, the party taking out the policy cannot be forced to pay the premiums, unless he has convenanted to do so, and in this way the value of the policy may be destroyed; but so long as the policy has any living force, and there is a beneficiary named therein, all rights accruing under the same and all values belong to the beneficiary. In the sense that the insured may discontinue payment of premiums and thereby render the policy without value, the interest of the beneficiary may be said to be contingent. The reservation of the applicant for insurance of the right to change the beneficiary may likewise render the interest of the named beneficiary a contingent interest. That is not the question before the court. The fact that the insured never exercised the right, if under the law of this state such a right may be said to exist, of changing the beneficiary, makes a discussion of the *status* of the beeficiary, while the assured was alive and capable of exercising the right, if one, altogether unnecessary. If her interest during the life of the insured was contingent and he never exercised the right to make the change, and at his death the policy had any living force, or value, surely her interest, whatever it may have been during the lifetime of the insured, became at his death a vested interest. Under a policy for the benefit of the wife and children of the insured, an assignment by the insured will not cut off their interest even though it is contingent at the time the assignment is made." 25 Cyc. 778; *Union Cent. Life Ins. Co.* v. *Woods*, 11 Ind. 335, 37 N. E. 180; *Knickerbocker Life Ins. Co.* v. *Waitz*, 79 Ky. 83, 42 A. R. 208; *Allis* v. *Ware*, 28 Minn. 166; Following *Ricker* v. *Charter Oak L. Ins. Co.*, 27 Minn. 193; *Ferndon* v. *Canfield*, 104, N. Y. 143, 10 N. E. 146; *Trav. Ins. Co.* v. *Healey,* 19 Misc. 564, 44 N. Y. S. 1043; *Carpenter* v. *Negus*, 40 N. Y. S. 995;

*Barry* v. *Equit. L. Assn. Soc.,* 14 Abb. Pr. (N. S.) 385, note; *Brown's Appeal,* 125 Pa. St. 303, 11 A. S. R. 900; *Germains L. Ins. Co.,* v. *Brown,* 5 Lac. L. Rev. 394; *D'Arcy* v. *Conn. Mut. L. Ins. Co.,* 108 Tenn. 567.

There may be a stipulation in the policy contract by which the assured has the contract right to change the beneficiary, with the assent of the company, by taking a new policy or otherwise, and under such a stipulation the beneficiary has not a vested interest and the designation of a new beneficiary will be valid. To effect a change of beneficiary even where the assured has the right to make such change, the designation of the new beneficiary must be in the method pointed out by the contract." 25 Cyc. 893-4; *Denver Life Ins. Co.* v. *Crane,* 19 Colo. App. 191; *Washington Ben. Endowment Assn.* v. *Wood,* 54 A. Rep. 251; *Bilbro* v. *Jones,* 102 Ga. 161, 29 S. E. 118; *Penn. Mut. L. Ins. Co.* v. *Norcross,* 163 Ind. 379, 72 N. E. 132; *Mut. L. Ins. Co.* v. *Twyman,* 92 S. W. 335; *Wrather* v. *Stacey,* 82 S. W. 420, 26 Ky. L. R. 683; *Cellery* v. *John Hancock L. Ins. Co.,* 57 N. Y. App. 227; *Hopkins* v. *N. W. L. Assn. Soc.,* 99 Fed. 199; *Robinson* v. *U. S. L. Ins. Co.,* 68 Fed. 825.

"Where there is a provision reserving the right to change the beneficiary, but the right has not been exercised the beneficiary is entitled to the proceeds of the policy, and may, after the death of the insured, maintain an action against the company for conversion of the same." *N. Y. Mut. Life I. Co.* v. *Allen,* 212 Ill. 134, 72 N. E. 200; *Franklin L. Ins. Co.* v. *Galligan,* 71 Ark. 295, 100 A. S. 73; *Anderson* v. *Groesbeck,* 26 Colo. 3, 55 Pac. 1086.

"Where a life insurance policy, procured by a father for the benefit of his daughter, was without the consent of the insurer, changed by adding the name of insured's minor son as a co-beneficiary, the daughter was entitled to show the mutilation and recover on the contract as it was before the change was made, although the policy provided for a change of beneficiary with the consent of the

insurer.'' *Provident Sav. Assn. Soc.* v. *Dees,* 120 Ky. 285
In *Holder* v *Prudential Life Ins. Co.,* 77 S. C. 57 S. E. 853,
a case where the assured reserved the right to change the
beneficiary, the court denied the right of the insured and
insurer to cancel a policy without the consent of the bene-
ficiary, for the reason stated that the right to change the
beneficiary was quite different from the right to sur-
render the policy for cancellation. Saying that the former
contemplated merely a notification or amendment and the
continued existence of the policy; while the latter, its ut-
ter destruction, two vitally different propositions. See
note under *Ferguson* v. *Ins. Co.,* 79 Atl. 997 (Vermont),
35 L. R. A. (N. S.) 844; See also note under *Insurance
Co.* v. *Willoughby,* 99 Miss. 98. In Ann. Cas. 1913D, 383.
The Kentucky cases cited by counsel for appellant: *Hop-
kins* v. *Hopkins,* 92 Ky. 324; *Wirgman* v. *Miller,* 98 Ky.
620; *Insurance Co.* v. *Twyman,* 122 Ky. and the author-
ities cited in these cases, boiled down, amount to this: In
the absence of a provision in the policy, whereby the in-
sured reserves to himself the right to change the benefi-
ciary, the beneficiary takes absolute title and the insured
cannot by any assignment of his affect this title, when-
ever, however, the insured reserves the right to change
the beneficiary, by the terms of the policy, the beneficiary
named takes subject to this provision, and his title to the
policy may be defeated by the assured's exercise of his
right to make the change.

In the case at bar we see that the right to make the
change of beneficiary is contingent upon there having been
no assignment of the policy prior to the attempt to exer-
cise the right of making the change. No attempt to
change the beneficiary appears to have been made by Mr.
Moody, and, so under the authorities cited by counsel and
the great weight of all the authorities, what may have
been a contingent interest in the appellee previous to the
death of the insured became *eo instanti,* a vested interest.

Had the husband of the appellee, at any time during his life, and before any attempt made to assign the policy desired to make a change of the beneficiary he would have of necessity to make known his wish, to the insurer company for in order to effect a change in this regard under the provisions of the policy all the authorities are agreed, that the requirements therefor in this respect must be complied with. *Deal* v. *Deal*, 87 S. C. 395, Ann Cas. 1912 B. 1142; *Begley* v *Miller*, 137 Ill. App. 278; *Franch* v. *Prov. Sav. Life Asso. Soc.*, 205 Mass. 424; *Urick* v *Western, etc. Asso.*, 81 Neb. 327; *Metropolitan L. Ins. Co.* v. *Clanton*, 76 N. J. E. 4; *Sullivan* v. *Maroney*, 76 N. Y. Eq. 104; *Sheppard* v. *Crowley*, 61 Fla. 735, 55 So. 841.

The public policy of this state, as expressed in her statutes and declared by her courts, is opposed to the position assumed by counsel for appellant in this case as will be seen clearly by an inspection of the statutes and the decisions of this Honorable court on the subject. For while the cases cited below were decided without express reference to the question of the right of the insured to change the beneficiary, they as well as the statute cited, are declaratory to the legislative and judicial intent to protect the widow and orphan from the ill-effects of the improvident and wrongful acts of the husband and father. It is, therefore, a pregnant question if the insured, under our statute, even by express reservation in his application, can lawfully exercise the apparent right so reserved, where his wife or children, or both, are named beneficiaries in a policy of life insurance. The rule that the beneficiary acquires a vested right in the policy is statutory in this state. Sec. 2140, Code 1906, Sec. 1913-1914, Hem. Code, Construed; *Mutual, etc., Life Ins. Co.* v. *Willoughby* 99 Miss. 98; *Johnson* v *Bacon*, 54 So. 858; *Jackson Bank* v. *Williams*, 77 Miss. 398; *Cozine* v. *Grimes*, 76 Miss. 300; *Jones* v. *Patty*, 73 Miss. 179; *Bishop* v. *Murphy*, 60 Miss. 23.

And the provisions of the statute and the interpretation placed thereon by this Honorable court becomes a part of every insurance policy issued in this state as fully as though embodied in the policy itself.

All stipulations of the policy must yield to the statute. *Fruend* v. *Fruend,* 219 Ill. 189, 109, A. S. R. 283; *Havens* v. *Germania, etc., Ins. Co.,* 123, Mo. 417, 45 A. S. 570; *Christian* v. *Conn. Mut. L. Ins. Co.,* 143 Mo. 460; *Ritchie* v. *Home Insurance Co.* 104 Mo. App. 146.

Forasmuch, therefore, as the provisions of the Mississippi statute, (Sec. 2140, Code 1906, Hem. Code 1914, Sec. 18130), are by implication a part of every insurance policy issued in the state, the public policy, as declared by this court requires that the proceeds of the policy upon the life of Robert Leon Moody must inure to the benefit of the appellee the beneficiary named therein, free from all liability for the debts of the insured, even though he paid all the premiums that were paid thereon, unless the beneficiary so named therein, has estopped herself, by her own act, to claim such proceeds, and the jury have found as a fact that she has not done so. Wherefore, it is manifest, that the insured, never even having attempted to exercise the right sought to be reserved to change the beneficiary, could not, without the consent of the beneficiary, assign her interest in the policy, which our statute declares to be a vested right, and this being true, it is doubly sure that the attempt of the insured to assign the policy did not, and could not, result in a change of the beneficiary, as so ingeniously argued by counsel for the appellant.

It is obvious that men may contract with each other upon any terms that they see fit and proper, so long as such dealings do not run counter to the law of the land, but when they attempt to so frame a contract as to nullify an existing statute or declared public policy, then the law

steps in and says: "Thus far and no farther." The reservation by the insured of the right to make a change of beneficiary without the consent of the latter, contravenes the law and public policy of the state, as expressed by special statutory provisions and the decisions of the highest court of the state and even without such express provisions, the state could under its police power, regulate the business of insurance contracts, and declare what kind may be made. *General Acc., etc., Ins. Co.* v. *Walker,* 99 Miss. 404.

Under the statute applicable and the decisions of this court the appellee had a vested interest in the policy of insurance regardless of any stipulation for the change of the beneficiary, for the contact must yield to the statute.

It is therefore, respectfully and confidently submitted that this case must, and will, be affirmed in this honorable court, the law and the facts being with the appellee.

COOK, J., delivered the opinion of the court.

The briefs in this case take a wild range, and many interesting questions of law are discussed; but, having reached the conclusion that under the admitted facts the determination of a single point will settle the controversy we will confine this opinion to a discussion of that point alone.

The beneficiary named in the insurance policy was the wife of the insured, and after the death of the insured the insurance company denied liability, and this suit was instituted by Mrs. Moody. A judgment for the plaintiff was entered in the trial court, and the defendant appeals to this court. It appears that the insured in his application for insurance reserved the right to change the beneficiary of the policy. The plaintiff contends that, she being the beneficiary named in the policy, she has a vested right in the same and could not be deprived of her rights by the insured or the company.

The record shows that the insured applied for and obtained a loan from the company and his policy was pledged as collateral security for said loan. The loan constituted the entire surrender value and cash loan value at that time. After this loan, the insured failed to pay the interest on the loan when due and failed to pay the loan itself and failed to pay the annual premium when due. The insurance company canceled the policy.

Did the plaintiff have a vested interest in the policy of insurance which could not be divested by the insured? The following cases decided by this court are relied on to support the contention of the beneficiary named in the policy, viz.: *Bishop* v. *Curphey,* 60 Miss. 25; *Jones* v. *Patty,* 73 Miss. 179, 18 So. 794; *Cozine* v. *Grimes,* 76 Miss. 294, 24 So. 197; *Bank* v. *Williams,* 77 Miss. 398, 26 So. 965; *Grego* v. *Grego,* 78 Miss. 443, 28 So. 817; *Johnson.* v. *Bacon,* 92 Miss. 156, 45 S. 858; *Mutual Benefit Life Ins. Co.* v. *Willoughby,* 99 Miss. 98, 54 So. 834, Ann. Cas. 1913D, 836.

A careful examination of these cases has convinced us that these cases do not decide the precise point presented by this record. In all these cases the insured did not reserve the right to change the beneficiary. In the official report of *Mutual Benefit Life Ins Co.* v. *Willoughby,* 99 Miss. 98, 54 So. 834, Ann. Cas. 1913D, 836, it is not clear that the insured did not reserve the right to change the beneficiary named in the policy, but, by an examination of the original record in that case and the original application for the policy, it is sure that the insured did not reserve the privilege of changing the beneficiary.

The authorities seem to be uniform that the insured may borrow money on the policy although payable to the wife and children; if the right to change the beneficiary is reserved, the insured may assign the policy at will in such cases. Bacon's Life and Accident Insurance (2d Ed.), vol. 1, sections 379, 792; Cooley's Briefs on the Law of Insurance, vol. 6, p. 424.

In the instant case the beneficiary did not acquire a vested interest in the policy, and it follows that the trial court should have directed a verdict for defendant.

*Reversed and dismissed*