BANK OF BELZONI *v.* HODGES *et al.*

[96 South. 97, No. 23190.]

1. INSURANCE. *Insured may assign policy without beneficiary's consent, where right to change beneficiary reserved; where right to change beneficiary reserved, beneficiary has no vested right.*

   Where a person taking life insurance with a named beneficiary reserves the right in the policy to change the beneficiary, the interest of the named beneficiary is not a vested right, and the policy may be assigned by the insured without the consent of the named beneficiary. *Lamar Life Insurance Co.* v. *Moody,* 122 Miss. 99, 84 So. 135, cited.

2. INSURANCE. *Stipulation that change of beneficiary effective from indorsement on policy may be waived by insurer; payment of money into court by insurer on life policy interpleading claimants held waiver of stipulation that change of beneficiary effective only from indorsement.*

   Where, in a policy of life insurance, it is provided that the insured may change the beneficiary, and that such change should take effect only from its indorsement on the policy, such stipulation is for the benefit of the insurer and may be waived by the company; and where the company pays the money into court and interplead claimants, such act constitutes a waiver:

APPEAL from circuit court of Humphreys county.

HON. S. F. DAVIS, Judge.

Action by the Bank of Belzoni against Minnie Hodges and others. From a judgment for defendants, the plaintiff appeals. Reversed and rendered.

*Mortimer & Sykes,* for appellant.

Counsel for appellee refers to the fact that the application of Tom Hodges did not reserve the right to change the beneficiary. In reply, a policy was issued to him with the right on his part to change the beneficiary. This policy he accepted and retained.

The most that can be said of this was that the minds of the insurer and the insured never met, in so far as the original application was concerned. But when the insured accepted and retained the policy issued to him, their minds did meet and the contract of insurance expresses the true contract between the parties. This has long since been settled by this court, as is also the fact that one accepting a policy of insurance is chargeable with notice of the terms and conditions of the policy. *Insurance Company* v. *Bouldin,* 100 Miss. 660; *Insurance Company* v. *O'Dom,* 100 Miss. 219; *Insurance Company* v. *Pittman,* 111 Miss. 420.

Since writing the above, we have been informed by counsel for appellee that he does not contend that the fact that the application does not reserve the right to change the beneficiary affects this case, but he admits that the provisions of the policy are controlling as to whether or not the right to change the beneficiary is reserved.

His contention is that the right to change the beneficiary is not reserved in the policy. We might say in passing that we have no controversy with counsel as to the vested rights of a beneficiary where the right to change the beneficiary is not reserved. Our contention is that in this policy the right to change the beneficiary is reserved, and therefore,

the insured under the Moody case could do with the policy as he desired.

Counsel seems to have the idea that the insured did not have this right, because the word "reserved" is not used. We think he takes entirely too narrow a view of the con-, tract. We do not understand the law to be that the insured has to use the word "reserved" to give him this right. If the English language is capable of expressing anything, it is provided by this policy in words which a child could understand that this contract, within whose four corners the rights of all parties concerned are contained, gives to the insured the right to change the beneficiary. It seems to us that there is just about as much difference between "with the right reserved to change the beneficiary," and "with the right on the part of the insured to change the beneficiary," as between Tweedle Dum and Tweedle Dee.

With reference to a change of beneficiary, if no method to change the beneficiary was set out in the policy, any legal method would be proper, but this policy sets out a method to so do, and the clause giving the insured the right to change his beneficiary limits him to the method provided in the policy, because it plainly says that the right is given him to change the beneficiary as hereinafter provided. The insurance company recognizes that where the right to change the beneficiary is not reserved, that nothing can be done along that line without consent of the beneficiary, and the method of changing a beneficiary in this policy starts off "when the right of revocation has been reserved." Therefore, plainly showing on its face that that clause has reference only to policies wherein the right of revocation has been reserved, and by reading back to the beneficiary clause, we see that this policy was issued to Tom Hodges with the right to change his beneficiary as hereinafter provided, and construing this with the clause in that portion of the policy with reference to the change of beneficiary puts it beyond all controversy that he had the right to make this change because the "as hereinafter

provided" specifically refers to a change of beneficiary only when the right of revocation has been reserved.

Counsel cites no authorities to sustain his contention that this right was not reserved. We respectfully refer the court to *Sabin* v. *Phinney,* 134 N. Y. 423, 30 A. S. R. 681; *Howe* v. *Fidelity Trust Company,* 28 Ky. L. Rep. 485, 89 S. W. 521 *Insurance Company* v. *Swett,* 222 Fed. 200, Ann. Cas. 1917B, 298; *Brown* v. *Powell,* 94 So. 457, cited by counsel. That case has no application. The beneficiary in the policy was the insured's estate and he changed the beneficiary again, and he thereafter attempted to change it again. The court most properly held that inasmuch as he did not reserve the right in his appointment, he had no right to substitute a new beneficiary.

This court does not say with reference to the very clause involved in this lawsuit, however, that the same is plain and unambiguous. We might add that all of this argument on this proposition really has nothing to do with the instant case as this is not a fight between beneficiaries and the question, as to whether or not the beneficiary could be, or was, properly changed, is not involved, but is merely a contest between a beneficiary and one who held the policy by assignment as collateral security.

For the reasons given in our original brief and in this reply brief, we submit that the case should be reversed and judgment entered here for the appellant.

*V. B. Montgomery,* for appellee.

It is the general rule that an ordinary life policy, containing no right in the insured to change the beneficiary, cannot be assigned without the consent of the beneficiary. The delivery of the policy vests an interest in the beneficiary, which no act of the company or insured can divest. 2 Cooley's Briefs on the Law of Insurance, page 1090; *Jackson Bank* v. *Williams,* 77 Miss, 398, 26 So. 965; *Bishop* v. *Curphey,* 60 Miss. 25; *Jones* v. *Patty,* 73 Miss. 179, 18 So. 794: *Cozine* v. *Grimes,* 76 Miss. 294, 24 So. 197; *Grego*

v. *Grego,* 78 Miss. 443, 28 So. 817; *Johnson* v. *Bacon,* 92 Miss. 156, 45 So. 858; *Mut. Ben. Life Ins. Co.* v. *Willoughby,* 99 Miss. 98, 54 So. 834; Ann. Cases 1913D, page 836.

Such a rule is particularly applicable where there has been a consummated gift of the policy to the beneficiary (*McGlynn* v. *Curry,* 91 N. Y. Supp. 855; 82 App. Div. 43); or where there is a statute expressly providing that the interest of any beneficiary, or of such a beneficiary as is named in the policy shall not be changed by the act of the insured." 2 Cooley's Briefs on the Law of Insurance, page 1091; citing *Jackson Bank* v. *Williams,* 77 Miss. 398, 26 So. 965: "Where a husband took out a life insurance policy payable to his wife (Code 1892, sec. 1964; Code 1880, sec. 1261; Code 1906, sec. 2140; Hemingway's Code 1917, sec. 1813), providing that the proceeds of a life insurance policy shall inure to the party named as beneficiary, vests an indefeasible interest therein in the wife, and a pledge of it for a debt by the husband without the wife's consent is invalid." Quoted from Southern Reporter, Syllabus of *Jackson Bank* v. *Williams,* 26 So. 965, 77 Miss. 398.

Opposing counsel admit that unless the right of revocation is reserved, then an appointment of a designated beneficiary creates an irrevocable trust, and confers upon the beneficiary a vested interest which cannot be defeated by any subsequent action on the part of the insured. But we take it, that counsel for appellant will again contend in reply hereto, that under the policy in the present case, the right of revocation was reserved by the insured, and hence the insured could assign the policy.

It is evident that the "hereinafter" provisions do have some force. It is evident that they do mean something. Certainly, they do clearly state and mean that under this policy there may be revocable appointments and there may be irrevocable appointments. Certainly these printed words do mean that there is a right on the part of the insured to change the beneficiary when the right of revoca-

tion has been reserved, provided the further conditions are complied with as prescribed.

This court in the case of *Brown* v. *Powell,* 94 So. 457, construed the very insurance policy which is now before the court. The Lincoln Reserve Life Insurance Company had there insured Ben Powell's life, with the language designating the beneficiary reading as follows: "My estate, beneficiary, with right of revocation." Policies payable to one's estate are always subject to insured's control, and really the words, "with right of revocation," added nothing to insured rights. Thereafter, Frances Lax Powell, his wife, was duly appointed beneficiary, no right of revocation being embodied in her appointment. Later, the insured sought both by appointment and by will to change Frances Lax Powell as his beneficiary and to substitute his daughter and his sister as beneficiaries.

This court declined to permit the change. This court quoted the provisions relative to "change of beneficiary" the same being identical with the provisions of the policy issued here. This court held that the front page of the policy wasn't the whole policy; that the other pages had to be considered also, and that the words on the second page: "May designate a new beneficiary, with or without reserving right of revocation" must be given full force and effect. Hence the appointment of Frances Powell was held to be irrevocable, for the reason that it contained no right of revocation. *Brown* v. *Powell,* 64 So. 457.

The application positively does not reserve any right of revocation, and the policy provides for the right on the part of the insured to change the beneficiary only when the right of revocation has been reserved. This court has already held in the *Powell* v. *Brown case,* 94 So. 457, that the right of revocation must be reserved in every subsequent appointment, and we now submit that by parity of reasoning the same is true of the original appointment.

In conclusion, we submit that no right of revocation was reserved either in the application or in the policy, and

that the decision of the lower court was clearly right in awarding the proceeds of this policy to the designated beneficiary.

ETHRIDGE, J., delivered the opinion of the court.

One Thomas Hodges procured a policy of life insurance in the Lincoln Reserve Life Insurance Company for one thousand dollars, payable to Minnie Hodges, stated in his policy to be his wife, but who in fact was not such; Hodges having formerly married another woman who is also one of the litigants in this cause.

This policy of life insurance was dated June 11, 1919, and one of its paragraphs provided with reference to an assignment:

"Any assignment of this policy must be made in duplicate and one copy filed with the company at its home office. The company assumes no responsibility as to the validity of any assignment."

It also provided: "In consideration of the application for this policy, a copy of which is hereto attached and made a part of this contract, agrees to pay one thousand dollars at the home office of the company in the city of Birmingham, and state of Alabama, to Minnie Hodges, wife of the insured, beneficiary (with the right on the part of the insured to change the beneficiary as hereinafter provided)."

In clause 6 of the policy, under the head of "Change of Beneficiary," is the following provision:

"When a right of revocation has been reserved, or in case of the death of any beneficiary under either a revocable or irrevocable designation, the insured, if there be no existing assignment of the policy made as herein provided, may, while the policy is in force, designate a new beneficiary, with or without reserving right of revocation, by filing written notice thereof at the home office of the company accompanied by the policy for suitable indorsement thereon. Such change shall take effect when

indorsed on the policy by the company and not before. If any beneficiary shall die before the insured, the interest of such beneficiary shall vest in the insured."

On June 25, 1921, Thomas Hodges, the insured, executed an assignment in favor of the Bank of Belzoni, and the provision in the policy of executing in duplicate such assignment was complied with, and the company retained the duplicate and returned the assignment of the bank. No indorsement of the change of beneficiary was made on the policy by the company, but the policy was delivered to the bank as collateral to the loan from the bank to Hodges. Thereafter the insured died while the policy was in force, and demand was made upon the insurance company by the bank for the payment of the policy, which the company refused to pay, and suit was brought upon the policy in the circuit court and claim was filed by Minnie Hodges and Agnes Hodges separately. The company paid the money into court, and issue was made up by the bank and the wives of Hodges and the court gave a peremptory instruction for the claimants, Minnie Hodges and Agnes Hodges. It was agreed between the parties litigant that Agnes Hodges on June 11, 1919, was the lawful wife of Thomas Hodges, the insured, and that she was duly appointed administratrix of his estate. It was further agreed that Minnie Hodges, the other claimant, on June 11, 1919, was living with Thomas Hodges as his wife and continued to so live with him as such until the day of his death, and had lived with him for several years prior thereto, and that said Thomas Hodges and Minnie Hodges went through the marriage ceremony together, and that Minnie Hodges was held out to the community in which they lived as the wife of Thomas Hodges, and that said Thomas Hodges recognized and treated her as such until the day of his death.

The question presented for decision is whether or not Thomas Hodges could make a valid assignment of the policy without the consent of the beneficiary named therein and without having the policy sent to the office of the

company and an indorsement of the change of beneficiary noted thereon. It is agreed that Minnie Hodges did not join in or consent to the assignment of the policy.

We think that this question is settled in this state in favor of the validity of the assignment by the case of *Lamar Life Insurance Co.* v. *Moody,* 122 Miss. 99, 84 So. 135, in which case it is held that the insured may pledge the policy to the company for a loan without the consent of the beneficiary where it appears that the insured reserved the right to change the beneficiary; that the beneficiary, where there is a change authorized to be made by the insured, has no vested interest in the policy. The court in that case said:

"The authorities seem to be uniform that the insured may borrow money on the policy although payable to the wife and children; if the right to change the beneficiary is reserved, the insured may assign the policy at will in such cases"—citing authorities.

An examination of the authorities shows that this rule is in force in a minority of the states and that a majority of the states hold the contrary. This court, however, adopted the view that the policy was assignable where the right to change the beneficiary was reserved as being the better and sounder rule. The provision in the policy that the change of beneficiaries should take effect only from its indorsement on the policy by the company is for the protection of the company only, and it may waive the benefit of this provision as it did do when it appeared in court and paid the money into court and left the other parties to litigate over it.

It follows from what we have said above that the peremptory instruction in favor of the claimants was error, and that the request of the appellant for a peremptory instruction should have been granted.

The judgment will be reversed, and judgment rendered here for the appellant.

*Reversed.*