351 So.2d 529 (1977)
Arlean S. HEBERT
v.
Rosanne S. Hebert PACE.
No. 49991.
Supreme Court of Mississippi.
October 26, 1977.
Thomas J. Wiltz, Biloxi, for appellant.
Sekul, Hornsby, Wallace & Teel, Thomas L. Wallace, Biloxi, for appellee.
Before SMITH, P.J., and BROOM and LEE, JJ.
LEE, Justice, for the Court:
The Chancery Court of Harrison County, Chancellor John S. Morris, presiding, entered a decree in favor of Rosanne S. Hebert Pace against Arlean S. Hebert for the proceeds of a life insurance policy insuring the life of Ellis P. Hebert. Arlean S. Hebert appeals.
The question to be decided on this appeal is whether or not an unconditional assignment of the life insurance policy to Arlean S. Hebert vested the proceeds in her to the exclusion of Rosanne S. Hebert Pace, named beneficiary in the policy.
Appellant was the third wife of the insured and was living with him at the time of his death. Appellee is a daughter by a previous marriage. Loyal American Insurance Company of Mobile, Alabama, issued its policy [five thousand dollars ($5,000) value] insuring the life of Ellis P. Hebert with appellant named as beneficiary and with the right of the insured to change the beneficiary. On August 16, 1973, the insured changed the beneficiary in said policy to appellee, Rosanne S. Hebert Pace. Thereafter, on June 20, 1975, the insured executed an instrument [See Appendix] designated as "Absolute Assignment of Title to Policy" to appellant, the instrument reciting that it was executed for valuable consideration and that it assigned, transferred, set over and conveyed to Arlean S. Hebert all the insured's right, title and interest in and to the policy and it expressed the desire and intention of the insured to vest in Arlean S. Hebert the absolute and unconditional ownership and title of and to the policy. After the death of the insured, appellant delivered the insurance policy and the assignment to the insurance company and made claim for the proceeds thereof. The insurance Company interpleaded the funds, and this suit resulted from such action.
The principle has been well settled in this state that where the insured reserves the right to change the beneficiary of a policy, in cases involving loans and pledges of the proceeds or value of the policy to secure the loan, the beneficiary has no vested interest in the policy proceeds until the death of the insured and that the assignee is entitled to the value or proceeds of the policy to the extent of his or her interest.
In Lamar Life Insurance Company v. Moody, 122 Miss. 99, 84 So. 135 (1920), this Court said:

*530 "The authorities seem to be uniform that the insured may borrow money on the policy although payable to the wife and children; if the right to change the beneficiary is reserved, the insured may assign the policy at will in such cases." 122 Miss. at 110, 84 So. at 136.
Subsequently, in Bank of Belzoni v. Hodges, 132 Miss. 238, 96 So. 97 (1923), the Court quoted from the Lamar Life Insurance Company case and approved the principle.
In 2A Appleman, Insurance Law & Practice § 1257, at 463 (1966), Mr. Appleman discussed the question now before this Court and said:
"Now if the assignment were absolute in form, conveying to the assignee the entire legal title of the insured and every interest in the policy, is it likely to assume that the beneficiary designation should remain? True, from a technical point of view, an actual change of beneficiary could be required, the assignee having the power thereafter to designate persons who can claim through him. But a new insurance is not created on a new life. The original insured is still the insured  the company does not assume the assignee's life as the measure of its hazard. The assignee is the person who takes the benefit of the policy on the insured's life. Therefore, with such a person designated who is entitled to the funds, it would seem a useless and foolish thing to permit a beneficiary designation to remain in full force and effect. The danger is that the assignee will assume, as would almost and thinking person, that it is unnecessary to change the beneficiary designation to himself when he has the whole interest in the policy otherwise."
Courts of other jurisdictions have considered the question. In New York Life Insurance Company v. Hartford Accident & Indemnity Company, 181 Ga. 55, 181 S.E. 755 (1935), the Supreme Court of Georgia held that if an assignment on its face is absolute, then the assignee takes all and the beneficiary takes nothing. The instrument in that case stated that the assignment was "for value received" and that it was an "absolute assignment," the same words which appear in the assignment now under consideration. See also Petty v. Mutual Benefit Life Insurance Company, 235 Iowa 455, 15 N.W.2d 613 (1944); Davis v. Modern Industrial Bank, 279 N.Y. 405, 18 N.E.2d 639 (1939), and Considine v. Considine, 255 App.Div. 876, 7 N.Y.S.2d 834 (1938).
If the assignee of an insurance policy, which provides the insured has the right to change the beneficiary, does not have the absolute right to the proceeds of the policy upon the death of the insured, a vain and foolish rule would apply. It is not reasonable that a person can own an insurance policy with the right to borrow money upon same to the extent of its face value or to surrender the policy for its cash value, and, because he or she did not change the beneficiary, the assignee would not be entitled to the proceeds upon death of the insured. We hold that the same principle stated in Lamar Life Insurance Company v. Moody, supra, and Bank of Belzoni v. Hodges, supra, applies to the present case and that the absolute assignment by the insured to his wife vested her with all right, title and interest in the policy together with the proceeds accruing therefrom upon death of the insured to the exclusion of the named beneficiary.
Appellant also contends that an instrument in the handwriting of the insured dated June 20, 1975, was a valid change of beneficiary to his wife, the appellant. In view of our conclusion hereinabove expressed, it is unnecessary to decide whether or not the chancellor correctly sustained an objection to the introduction of such instrument in evidence and whether or not it constituted a valid change of beneficiary.
For the reasons stated, the judgment of the lower court is reversed and judgment is rendered here for appellant.
REVERSED AND RENDERED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and BOWLING, JJ., concur.

*531 APPENDIX

ABSOLUTE ASSIGNMENT OF TITLE TO POLICY
For a valuable consideration, the receipt whereof is hereby acknowledged, I/we hereby assign, transfer, set over and convey to Arlean S. Hebert, 238 Moye Ave. Biloxi, Ms. 39532 of ____, ____ all my/our right, title and interest in and to Policy Number 17039 issued or assumed by the LOYAL AMERICAN LIFE INSURANCE COMPANY, INC. of Mobile, Alabama on the life of Ellis P. Hebert .
It is my/our desire and intention by this assignment to vest in said Arlean S. Hebert the absolute and unconditional ownership and title of and to said Policy.
IN WITNESS WHEREOF, I/we have hereunto set my/our hand and seal this 20 day of June , 19 75 .
 /s/ Ellis Hebert
 ----------------
 Policyowner
State of County of
On this 20th day of June , A.D., 75, before me personally appeared Ellis P. Hebert , known to me to be the identical person/s described in and who executed the foregoing assignment, acknowledged the execution of the same as his/her/their free act and deed for the purposes therein named.
 /s/ Charles D. Hollis
 ---------------------
 Notary Public
Recorded at the Home Office this 26th day of June, 1975.
My Commission Expires:
Oct. 2, 1977 
 /s/ Edward C. Dahmer, Jr.
 -------------------------
 Edward C. Dahmer, Jr.
 Comptroller