McAlister Bros. & Co. *v.* Sanders.

[65 South. 249.]

Interpleader. *Effect. Code* 1906, *section* 772.

   The interpleader provided for in Code 1906, section 772, is merely a substitute for the original interpleader in equity, which could not be sustained unless the interpleader was a naked trustee of the property for which there were two or more claimants, to either of whom he was willing to deliver it, and hence a defendant, who filed a bill of interpleader, cannot, when the party interpleaded did not appear and set up his claim, complain that the court awarded judgment for plaintiff, for the filing of the interpleader admitted defendant's liability.

Appeal from the circuit court of Tippah county.
Hon. H. K. Mahon, Judge.

Suit by J. B. Sanders against McAlister Bros. & Co. From a judgment for plaintiff, defendant appeals.

This case is before the court for the second time, the first decision being reported in 101 Miss. 227, 57 So. 801. On the former hearing the case was remanded, and thereupon appellants, who were defendants in the lower court,

filed an affidavit, as authorized by section 772, which set up the fact that the Tishomingo Savings Institution had a claim to the subject-matter of this action (the note sued on), and prayed that said institution be summoned and an issue of interpleader be made up. At the same time the defendants filed a motion to be allowed further time to plead to plaintiff's declaration. This motion was continued, and process was duly issued to the Tishomingo Savings Institution to appear and assert whatever claim it had to the note in suit. At the succeeding term of the court, the Tishomingo Savings Institution failed to appear and maintain its claim, whereupon, on suggestion of the appellee, the court entered an order barring said institution from all claim to said note. The court then heard appellants' motion for further time to plead to the declaration, and overruled same on the ground that appellants, "by availing themselves of the privilege of interpleader as provided in section 772, waived and relinquished all claim in and to the subject-matter of said suit, and they are now estopped from further defending said action."

Appellants then filed a motion, in the form of an affidavit, in which they sought to be allowed to plead further; said affidavit alleging that the Tishomingo Savings Institution and the appellee had colluded together, with the purpose of defrauding appellants, and for this reason said institution had not appeared and maintained its claim. This motion was also overruled, and judgment final was entered against appellants for the amount of the note sued on. On the following day appellants moved the court for an order allowing them to withdraw their motion for an interpleader, which motion was also overruled.

Section 772 of the Code of 1906 is as follows:

772 (714). *Proceedings When Third Person Claims Subject of Action.* Upon affidavit of a defendant before plea filed in any action upon contract, or for the recovery

of personal property, that a third party, without collusion with him, has a claim to the subject of the action, and that he is ready to pay or dispose of the same, as the court may direct, the court may make an order for the safe-keeping or payment, or deposit in court, or delivery of the subject matter of the action to such person as it may direct, and an order requiring such third party to be summoned to appear in a reasonable time and maintain or relinquish his claim against the defendant. If such third party, being duly summoned, or in case he be a nonresident of or absent from this state, if publication of summons shall have been made for him as prescribed by law for nonresident or absent defendants in chancery, shall fail to appear, the court may declare him barred of all claim in respect to the subject of the action against the defendant therein; but if such third party appear, he shall be allowed to make himself defendant in the action at law, instead of the original defendant, who shall be discharged from all liability to either of the other parties, in respect to the subject of the action, upon his compliance with the order of the court for the payment, deposit, or delivery thereof. If the claim of such third party extend to only a part of the subject-matter of the action, similar proceedings may be had respecting the part so claimed, and the action shall proceed as to the residue in other cases.

*Leroy Kennedy,* for appellants.

The mind of the court was not given to a consideration of any phase of the case, except that appellants by asking for an interpleader, put themselves in the position of being mere "stakeholders." This proposition is correct, ordinarily, but certainly not correct, nor applicable to cases tainted (as here) with fraud. The law is supposed to afford redress for every wrong—is this an exception to the rule? And is the party, interpleaded in this case, given full control of the case and allowed to dispose of the same as he wishes? When a third person

claims an interest in the subject of the action, it is only necessary under the statute to offer to pay, or dispose of the same as the court may direct, etc. This does not necessarily mean that the judgment of the court will go against the defendants, regardless of right and justice, and regardless of the law and proof which in all cases ought to determine the rights of the parties, as well as control the mind of the court in determining and finally disposing of the case. A judgment against defendant, and in favor of the party impleaded, would necessarily mean that defendants were bound to pay said judgment regardless of such equities. In such case defendants might hold legal off-sets or re-coup against the judgment so recovered by the interpleader or it might be that the proof would disclose a state of facts that would not warrant a recovery by either of the parties. In fact, it came to the notice of defendants, that the title to the note sued on was not in either of the parties claiming it, that it had been materially changed and altered by plaintiff and was therefore not susceptible of legal enforcement, etc., and they, therefore, offered to plead these things, so much in answer to the position taken by appellees that it was immaterial to us who recovered the judgment, since we were "stakeholders" and had no say as to what judgment was entered, or for whom. Neither does the doctrine of estoppel apply to appellants here. To do so would be to deprive them of vested legal rights. The record is saturated with fraud and collusion and appellants should have been allowed to plead and show the fraud. We have no fear of the final outcome of the trial of this case on the merits. Appellee will then go out of court whipped of justice, and wearing upon his face the seal of condemnation, as fixed by the verdict of twelve honest jurors against him.

*Thomas E. Pegram,* for appellee.

The right of a defendant, when sued, to have a third party interplead and to propound a claim to the sub-

ject-matter in action was unknown to the common law courts, but it was an equitable remedy. Section 772 of the Code of 1906, has the effect of establishing interpleader in our courts of law. "The code provision is a substitute for the original bill in equity and is governed by the same principals." 23 Cyc. 36 and footnote.

The complainant, in a bill in equity for an interpleader, is in the same attitude as an original defendant in a suit at law who has made the affidavit as required by said section 772. Therefore, the principles of law applicable to the one are applicable to the other. "On a bill of interpleader the complainant cannot be heard as to his liability, since it assumes that he is merely a stakeholder and stands impartial between the claimants." "A bill of interpleader necessarily admits the indebtedness of the complainant, and if one of two parties defendant with draws all claim to the fund a decree that it be paid to the other is a matter of course." "Where one of the defendants fails to interplead or is defaulted, the other, if he has answered, is entitled to the fund deposited in court and the complainant has no right to dispute his claim." These quotations are taken from page 30 of 23 Cyc. For the purpose of showing clearly the attitude of appellants, let us suppose that section 772 had not been made a part of our statutory law, in which event appellants would have, instead of making the affidavit required by said section, filed the bill in equity, tendering the money into court, and asking that the Tishomingo Institution and J. B. Sanders be made parties defendant thereto, and praying the court to decree which of said defendants were entitled to the fund and to absolve complainants (appellants) from all further liability on account of the note. And let us suppose that Sanders answered the bill of complaint, claiming the money, and the Tishomingo Savings Institution failed to answer. Under this state of the case it could not certainly be contended, with any degree of good faith, that the com-

plainants in the bill could then assert that they did not owe the debt and have the court of equity to determine whether they did owe the debt. This peculiar procedure is exactly what appellants wanted to do in the lower court. They filed their affidavit saying that they were "ready to pay offi and satisfy said note," caused the court to issue the writ to the Tishomingo Savings Institution, and caused the case to be continued to the next term for the purpose of determining whether the fund belonged to the Tishomingo Savings Institution or to Sanders, and when the said institution failed to appear, they appeared in court, set up their claim to the fund and ask that their liability be litigated. It would be the worst of folly to allow a defendant under section 772 to ask for an interpleader on an affidavit that he is ready to pay the money into court, by this very affidavit disclaiming any interest in the fund, and then allow that same defendant, when the third party has failed to appear, to come in and say that he falsified in his affidavit and that he now desires to back track and claim the fund for himself. I submit that the process and functions of our august tribunals are not to be trifled with in any such manner. Defendants who avail themselves of the protection afforded by section 772 of the Code of 1906, by the very act itself disclaim any interest in the fund and set themselves before the court as mere stakeholders. *Browning* v. *Watkins*, 10 S. & M. 482; *Hyman* v. *Cameron*, 46 Miss. 725; *Snodgrass* v. *Butler*, 54 Miss. 45; *Whitney* v. *Cowan*, 55 Miss. 626. Thus it will be seen that, when the trial court declined to permit appellants to plead to the declaration after having made their affidavit asking for an interpleader, it followed the law as the same is unquestionably settled by the decisions of our own court.

Smith, C. J., delivered the opinion of the court.

The interpleader provided for in section 772 of the Code of 1906 is merely a substitute for an original bill of

interpleader in equity and is governed by the same rules, one of which is that:

"In order to sustain a bill of interpleader, the complainant must be a naked trustee of property for which there are two or more claimants, to either of whom he is ready to deliver it; but, unwilling to decide which is rightful owner, he devolves the decision on the court." *Snodgrass* v. *Butler,* 54 Miss. 45.

When appellants invoked the provisions of this section, they thereby admitted liability on the note, and that the money sought to be recovered was due either to appellee or to the Tishomingo Savings Institution, and agreed to pay it to which ever of these parties the court should direct. That the Tishomingo Savings Institution failed to appear and propound a claim to the money was of no concern to appellants, and therefore the court committed no error in declining to permit appellants to plead further, and in directing them to pay the money over to appellee.

*Affirmed.*