WILLIAMS v. PENN MUT. LIFE INS. CO.

(Division B. April 20, 1931.)

[133 So. 649. No. 29381.]

Hathorn & Williams, of Poplarville, for appellant.

410

**J. M. Morse**, of Poplarville, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

Mrs. Trinity Tourne Williams filed a declaration in the circuit court of Pearl River county against the Penn Mutual Life Insurance Company upon a policy of insurance in which she had been made a beneficiary together with two children of Robert J. Williams, alleging that on the 20th day of April, 1917, the defendant insurance company issued a policy upon the life of Robert J. Williams for the sum of twelve thousand dollars, which policy provided for change of beneficiaries, and that the original policy named Mrs. May L. Williams, the then wife of the insured, Granville Hollie and Nellie Edwina Williams, children of the said insured, in equal shares; that afterward on September 16, 1926, the said Robert J. Williams, exercising the rights reserved by him as shown by the said policy to change the beneficiaries, changed the beneficiaries so as to make Trinity Tourne, as Mrs. Trinity Tourne Williams was then known, a beneficiary together with the two children; that afterward on the 9th day of December, 1929, Robert J. Williams changed the beneficiaries making the said policy payable to his executors, administrators, or assigns; that on the 10th day of December, 1929, Robert J. Williams again changed the beneficiaries so as to make the said policy payable to the plaintiff, who was then the wife of Robert J. Williams, and the two children; that the insured, Robert J. Williams, executed a premium note in the sum of two thousand three hundred three dollars and twenty cents, and further borrowed from the defendant the sum of four thousand six hundred dollars; and that there was due on the said loans as interest at the time of the death of Robert J. Williams twenty-one dollars and eighty-eight on the premium note and fifty-two dollars and thirteen cents on the loan note, making a total amount due the defendant at the time of the death of the said Robert J. Williams, of six thou-

sand nine hundred seventy-seven dollars and twenty-one cents, and after deducting the said amount from the amount due under the terms of the policy there remained an amount due the beneficiaries of five thousand fifty-five dollars and nineteen cents. It was further alleged that Robert J. Williams departed this life February 27, 1930, while the policy was in full force and effect, and that the company was indebted to the plaintiff in the sum of one-third of five thousand fifty-five dollars and nineteen cents; and that the defendant had already paid the other beneficiaries their part, and the amount due her was long past due and the defendant had failed and refused to pay the plaintiff the sum of her interest which was one thousand six hundred eighty-five dollars and seven cents, and she demanded judgment for said amount with interest from the 27th day of February, 1930.

A copy of the policy was attached to the declaration and contained a provision, as shown by the exhibit, which reserved to the insured "full power, while this policy is in force and not previously assigned, to change the present beneficiary or beneficiaries, such change to be made by instrument in writing and to take effect only upon its indorsement upon the policy by the company at its home office."

The defendant being served with process came into court and filed an affidavit in which it admitted the issuance of the policy sued on, the amount of the premium note, and the loans therein alleged, and that it was due the money, but set up in the affidavit that Mrs. May L. Williams, through her attorneys, had served notice upon the insurance company that Mrs. May L. Williams claimed to be one of the beneficiaries in said policy, and if the company paid the money to Mrs. Trinity Tourne Williams it would do so at its peril; and the insurance company offered to pay the money into court, stating that it was not interested in the contest between

Mrs. May L. Williams as the claimant and Mrs. Trinity Tourne Williams as a beneficiary in said policy, and asked that it be discharged under section 569 of Hemingway's 1927 Code, and that interpleader be had between Mrs. May L. Williams and Mrs. Trinity Tourne Williams, and that process issue for that purpose. Accordingly, process was issued to the appellant, Mrs. May L. Williams, under said affidavit and statute, and an order was entered by the court directing Mrs. May L. Williams to be summoned and appear on the 17th day of November, 1930, to maintain or relinquish her claim against the defendant, and directing that the clerk of the court be appointed custodian of the money paid into court, which was one thousand seven hundred forty-one dollars and twelve cents, and that upon the said Penn Mutual Life Insurance Company paying the said amount to the clerk aforesaid it should be discharged from all liability to either of the other parties, in respect to the subject of the action.

Mrs. May L. Williams appeared and moved to set aside the order discharging the Penn Mutual Life Insurance Company on payment of money into court, which had been done, and set up that in 1907 the said Robert J. Williams took a ten-year convertible term policy upon his life in the said company, in which she and the two children referred to above were beneficiaries, and that the policy did not authorize any change of beneficiaries, and that she became vested with the rights of a beneficiary which could not be divested without her consent, and that she had never consented to any change in the beneficiary; that said policy issued in 1907 was for the principal sum of twelve thousand dollars, and that in April, 1917, the said Robert J. Williams surrendered the original policy and took a policy of twenty-year term payable to herself and the said two children as beneficiaries therein, and that this policy likewise had no provision for a change of beneficiary by Robert J. Wil-

liams, and neither did the application for the policy, which was made a part thereof, have any such stipulation or provision in it; that she had never consented to the change of beneficiary and had never consented to the assignment of the policy as security for any loan on said policy; and that she was entitled to the sum of four thousand dollars, and not merely entitled to the one thousand seven hundred forty-one dollars and twelve cents paid into court; that the defendant life insurance company was a necessary party defendant to any suit by her to establish her claim to the proceeds of the insurance policy, and that it was not a disinterested stakeholder entitled to interplead in the manner and in accordance with the statute referred to and in accordance with the order of the court moved to be set aside.

The allegations of the affidavit were denied in material particulars and an accompanying answer, as an exhibit thereto, in answer to the affidavit to the insurance company in which the rights and claims of Mrs. May L. Williams were set up and which, in effect, but with more elaboration and detail, challenged the theory of defendant insurance company, and made an exhibit to the said answer a copy of the original policy issued in 1907, and also a copy of the policy issued April 20, 1917, according to her version thereof, but the policies made exhibits to the answer of Mrs. May L. Williams, although the last one bears the same date as the policy made exhibit to the declaration of Mrs. Trinity Tourne Williams, did not contain a provision for change of beneficiary.

The ten-year term policy first issued to Robert J. Williams, and in which Mrs. May L. Williams and the two children above mentioned were named as beneficiaries, contained several options at the expiration of the ten-year period, and an option at any time within five years from the issue of this policy that the insured might

exercise. One of the options was the privilege of continuing the insurance policy issued in 1907 for successive periods of ten years each up to and including the insuring age of fifty-five years, without re-examination, the premiums for the new period to be payable each year on the dates above specified and to be throughout such period at the rate corresponding to the attained age of the insured, in accordance with the table printed upon the back of the policy. Another provision was that the insured or legal holder of the policy had the privilege to surrender and exchange the same up to and including the insuring age of sixty-five, while it is in force by the payment of premiums thereon in cash, and without re-examination, for a life or endowment policy of not greater amount, the new policy to run from the date of surrender of this policy, and at the rate of premiums then chargeable on policies of such class for age attained, or any part of this policy may be changed proportionately according to this period. This policy also contained other provisions, among which is the participation in the earnings of the company and the cash surrender and loan value, and for the issuance of a nonparticipating paid-up term policy, and provided that should any indebtedness exist it shall be deducted from the cash surrender value of the policy and the other values shall be diminished proportionately.

The policy for twenty years issued April 20, 1917, made an exhibit to Mrs. May L. Williams' answer, recited that "this policy is issued in the place of one bearing the same number and dated Dec. 31, 1907, which policy has been released and canceled and this new policy is to have the same privileges as if issued Dec. 30, 1907."

The appellant proceeds upon the idea in the allegations that neither the policies nor the application for the said policies reserved to the insured the right to change beneficiaries, and that not having such right in the terms of the policy a change of beneficiaries could

not be made. The appellant also proceeds upon the idea that the original policy issued December 31, 1907, could not be surrendered and no option other than the continuation of the policy for successive terms could be made by Robert J. Williams without her consent. Apparently she contends' that inasmuch as the original policy issued had no right to change the beneficiaries reserved therein to Robert J. Williams that it would require her consent for him to exercise the options given under the policy originally issued, and that he could not on the expiration or surrender of that policy accept a policy with a right of change of beneficiary, without her consent.

We think that the original policy issued December 31, 1907, gave to the insured or the legal holder the option of converting that policy into another and different kind or character of policy, and that the exercise of that right, under the terms of the policy, was not dependent upon the consent of the beneficiaries originally named therein. At the expiration of the ten years the policy would lapse and cease to exist unless one of the options was exercised, and if the option was exercised an additional premium or an increase of premium rates would necessarily have to be made to continue the insurance in force, but no medical examination would be required to obtain any of the policies named in the privileges in the original policy. Consequently we think that if the policy issued on April 20, 1917, contained a provision reserving a right to change beneficiaries, and if the beneficiaries were in fact changed by Robert J. Williams in pursuance of such authority and in the manner provided in the policy, that the position of the appellant as against the insurance company for the additional amount, the difference between one thousand seven hundred forty-one dollars and twelve cents and the four thousand dollars claimed, cannot be maintained. However, if the policy then issued did not contain a right to change the beneficiaries, then

the beneficiaries named therein, Mrs. May L. Williams and the two children, could not be changed by the company and the insured during the life of the policy, without getting the consent of Mrs. May L. Williams. It is settled law in this state that the beneficiary named in the policy acquires an absolute vested interest therein unless the policy or the application thereof reserved the right 'to change the beneficiary named in the policy. Jackson Bank v. Williams, 77 Miss. 398, 26 So. 965, 78 Am. St. Rep. 530; Grego v. Grego, 78 Miss. 443, 28 So. 817; Johnson v. Bacon, 92 Miss. 156, 45 So. 858; Mutual Benefit Life Ins. Co. v. Willoughby, 99 Miss. 98, 54 So. 834, Ann. Cas. 1913D, 836. But where the right is reserved in the policy to change the beneficiary the beneficiary has no vested right until the death of the insured, and the insured may by specifically changing the beneficiary do so, or it may be changed by hypothetically pledging the policy as security for loan or by assignment. Lamar Life Ins. Co. v. Moody, 122 Miss. 99, 84 So. 135; Bank of Belzoni v. Hodges, 132 Miss. 238, 96 So. 97.

This being true, and the allegations of the motion and the answer filed by Mrs. May L. Williams as above stated showing that she claimed, and under her theory if established would be entitled to, four thousand dollars instead of the sum paid into court, the insurance company did not stand in the attitude of a disinterested stakeholder. The company was affected and interested in the controversy between Mrs. May L. Williams and itself as well as in the contest between Mrs. Trinity Tourne Williams and Mrs. May L. Williams. Consequently the court erred in entering an order discharging the insurance company from further liability to either of the parties claiming the fund. It is true that the declaration filed by Mrs. Trinity Tourne Williams, if that were all that was involved, would permit this to be done, but the insurance company must have known that Mrs. May L. Williams was claiming more money than it tendered into the court,

and the order discharging the insurance company was prematurely entered. When the pleadings are made up between the interpleaders, and that shows that the sum or amount due by the defendant is not in dispute by either the intervening or interpleading claimant, it should be discharged; but where the party summoned into court makes a claim for a greater amount against a defendant than the original plaintiff made and it flows 'out of' the same contract or transaction, the defendant is not a disinterested stakeholder, but is subject to a contest for liability greater than it admits to be due.

In McAlister Bros. & Co. v. Sanders, 107 Miss. 283, 65 So. 249, it was held that the statute, section 564, Code of 1930, was a substitute for interpleader in equity and was governed by the same rules, and that it must be a disinterested stakeholder not interested in the further contest of the liabilities or the rights of the parties.

Inasmuch as the judgment entered by the circuit court, as it appears from the record, would absolutely discharge the defendant from further liability on account of the policy involved, it was a final judgment, and an appeal would lie therefrom although the controversy between Mrs. Trinity Tourne Williams and Mrs. May L. Williams had not been concluded. We are of the opinion that the court below erred in refusing to set aside the judgment discharging the garnishee, but that it should have set aside such judgment and had issue made up to determine the question by proper pleadings and by the trials of the issues involved.

Reversed and remanded.