PENN MUT. LIFE INS. CO. *v.* WILLIAMS.

(Division A.   April 18, 1932.)

[140 So. 875.   No. 29969.]

J. M. Morse, of Poplarville, for appellant.

Hathorn & Williams, of Poplarville, for appellee.

Parkers & Shivers, of Poplarville, for appellee.

**Cook, J.**, delivered the opinion of the court.

This is the second appearance of this cause in this court. The opinion on the first appeal, which is reported in 160 Miss. 408, 133 So. 649, 652, sets forth at length and in detail the pleadings and proceedings in the court below prior to the first appeal, and we will make no further statement of those proceedings. It was there held that the order of the court below discharging the insurance company from liability to either of the parties asserting a claim against it was prematurely entered, and that the court erred in overruling the motion of Mrs. Mae L. Williams, the interpleaded claimant, to set aside the judgment so discharging the defendant insurance company.

Upon the remand of the cause the appellant filed no traverse, replication, or answer to the sworn answer of the interpleaded claimant, wherein she set forth in detail the basis of her claim against the appellant for a larger amount than that claimed by the original plaintiff, and the court entered an order discharging her for the reason that under the facts set forth in her answer she was improperly interpleaded. Thereupon the defendant insurance company declined to plead further to the suit of the original plaintiff, but stood upon its admission of liability to her, and the court entered a judgment in her favor for the amount sued for with proper interest, and ordered that the money paid into court by the insurance company be returned to it. From these orders the defendant insurance company prosecuted this appeal.

In the opinion on the former appeal of this cause the court approved the view expressed in McAlister Bros. & Co. v. Sanders, 107 Miss. 283, 65 So. 249, that the statute, section 564, Code of 1930, was a substitute for interpleader in equity and was governed by the same rules, and that one having a right to interplead a claim-

ant of a fund due by him ''must be a disinterested stake-holder not interested in the further contest of the liabilities or the rights of the parties.'' It was also there held that, where the party summoned into court to maintain or relinquish his claim to a fund paid into court under an affidavit for interpleader makes a claim for a greater amount against the defendant than the original plaintiff made, and it flows out of the same contract or transaction, the defendant is not a disinterested stake-holder.

The answer of the claimant interpleaded herein sets forth a claim for a greater amount than that claimed by the original plaintiff, and this answer sets forth with particularity the basis of her claim, which, as said in the former opinion, if established, would entitle her to recover four thousand dollars instead of the smaller sum paid into court. From the averments of this answer, which are in no way controverted, it is made apparent that the appellant is not a disinterested stakeholder of an amount due by it which is not in dispute by either the original or intervening claimant; it therefore had no right to interplead the appellee, Mrs. Mae Williams, and require her to assert or maintain her claim in the suit then pending between it and Mrs. Trinity Williams, and the order of the court dismissing the affidavit of inter-pleader and discharging Mrs. Mae Williams was correct.

In its affidavit for interpleader the appellant admitted the truthfulness of the averments of the original declaration as to the terms and provisions of the policy of insurance sued on, and also admitted the averments of this declaration as to the acts of the insured in changing the beneficiaries and his right so to do under the terms and provisions of the policy. Upon the further hearing of the cause in the court below the appellant expressly declined to plead further, and on this state of pleadings the court correctly entered in a judgment in favor of the appellee, Mrs. Trinity Tourne Williams, for the amount

sued for with legal interest. Therefore, the judgment of the court below will be in all respects affirmed.

Affirmed.